■ KEVIN MOORE, an Infant, by His Parent and Natural Guardian THOMAS MOORE, et al., Respondents, v. TOWN OF HUNTINGTON et al., Appellants. — In a negligence action to recover damages for personal injuries, loss of services, etc., defendants appeal from an order of the Supreme Court, Suffolk County, entered July 12, 1971, which granted plaintiffs' motion to set aside a jury verdict in defendants' favor and granted a new trial. Order reversed, without costs, and verdict reinstated. The trial court set aside the verdict and granted a new trial on the ground that a remark by the attorney for defendant Town of Huntington, in his summation, was "extremely prejudicial" to plaintiffs. We disagree. Read in context, we find the subject remark only mildly improper, not seriously prejudicial. Moreover, it was only a single isolated impropriety in an otherwise clean trial and it does not appear to have influenced the jury's verdict. If there had been any slight prejudice resulting from the remark, that prejudice was cured by the trial court's prompt instructions to the jury to disregard it. And in addition, under the circumstances of this case, we believe plaintiffs waived their right to seek a mistrial on the ground of that allegedly prejudical remark, by not moving for that relief until after the jury had returned a verdict against them. For the foregoing reasons, we believe it was error to set aside the verdict on the stated ground. We may further note that there is adequate support in this record for the jury's verdict and it therefore would have been improper to set it aside as against the weight of evidence. Hopkins, Acting P. J., Shapiro, Christ, Brennan and Benjamin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HECTOR P. BONILLA, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered May 14, 1971, convicting him of bribery, after a nonjury trial, and sentencing him to probation for a term of five years. Judgment reversed, on the law, and indictment dismissed. We are of the view that the People failed to prove that defendant committed the acts charged beyond a reasonable doubt. Hopkins, Acting P. J., Munder, Gulotta, Brennan and Benjamin, JJ., concur.

■ MIRIAM RABINOWITZ, Respondent-Appellant, v. SIDNEY RABINOWITZ, Appellant-Respondent.— In an action for separation or for alternative relief, (1) defendant husband appeals, as limited by his notice of appeal and his brief, from so much of a judgment of the Supreme Court, Queens County, entered November 4, 1971, as, after a nonjury trial, (a) granted plaintiff's application to proceed for a judgment of support and maintenance, in lieu of separation, and (b) directed him to pay $100 per week alimony, to provide medical and hospitalization coverage for her and to pay her $3,500 for her counsel fees; and (2) plaintiff cross-appeals from the entire judgment. Judgment affirmed, without costs. It is our understanding that the counsel fee awarded is in addition to the sum already paid to plaintiff's attorney and is to be used for reimbursement of plaintiff. Hopkins, Acting P. J., Munder, Martuscello, Latham and Shapiro, JJ., concur.

■ CELIA ROTH et al., Appellants, v. NEW YORK CITY TRANSIT AUTHORITY et al., Respondents.— In a negligence action to recover damages for personal injuries, etc., plaintiffs appeal from an order of the Supreme Court, Queens County, dated January 27, 1969, which denied their motion for a general preference. Order reversed, with one bill of $10 costs and disbursements against respondents jointly, and motion granted. In our opinion the merits of this case warrant a trial in the Supreme Court. Hopkins, Acting P. J., Shapiro, Christ, Brennan and Benjamin, JJ., concur.