HAMILTON MORGEN, Respondent-Appellant, *v.* COLUMBIA BROADCASTING SYSTEM, INC., et al., Appellants-Respondents.

First Department, November 30, 1972.

*Elliott J. Solomon* of counsel (*Louis Nizer* with him on the brief; *Phillips, Nizer, Benjamin, Krim & Ballon,* attorneys), for respondent-appellant.

*Carleton G. Eldridge, Jr.,* of counsel (*Eugene L. Girden* and *John M. Keene, III,* with him on the brief; *Coudert Brothers,* attorneys), for appellants-respondents.

McGivern, J. P. This appeal principally presents the problem of a belated move by the defendants, made more than five years after the start of the action, to amend their answer, setting up a separate and complete affirmative defense, based on a document, claimed by defendants to be a complete defense to the action. The appeal comes to us by a cross appeal from a post-trial order of Fein, J., New York County, September 23, 1971, which, on a renewal motion, adhered to his (the Trial Judge) order allowing the challenged affirmative defense to stand upon a new trial directed to be held.

The action was commenced by the service of a summons, on November 30, 1964. A complaint was served on January 8, 1965. The nature of the action was for the allegedly wrongful appropriation of a television program format, submitted to the defendants in confidence, but misappropriated by them; an answer was served on April 8, 1965. Then there followed extensive examinations before trial, culminating in the trial date of October 5, 1970, at which time the trial court granted the defendants' motion to amend. The trial proceeded and resulted in a hung jury, after almost a week of deliberation, on three of the most crucial questions.

We conclude material error came into the trial when the defendants' long-delayed motion to amend was granted by the Trial Judge, whose comments at the time revealed his own reluctance and honest quandry, which we comprehend. We are aware of the liberality of pleading, rightfully encouraged by CPLR 3025; but, we are also alive to the overriding obligation on all parties to make a full disclosure of all relevant evidence, particularly during the pretrial interchanges, in order that the trial court may have a clear road map of the case, and to avoid sudden trapdoors in the evidence, resulting in prejudice to the party who happens to be the victim of a surprise, planned or otherwise.

In this case, we would prefer to think the withholding of the so-called employment agreement by the defendants was the result of a contretemps or inadvertence, but the indications are that the failure to disclose it was deliberate. The plaintiff's attor-

neys aver that although they had been assured that all relevant documents pertaining to plaintiff's employment would be made available, nevertheless, Exhibit I, the employment agreement, was never before disclosed prior to the motion to amend, at the eleventh hour, on D-Day. At that time the plaintiff was suddenly confronted with this crucial document, regarded by the defendants as a bar to. the plaintiff's case, concerning which the plaintiff's attorneys had never examined, knew nothing of the incidents surrounding its signing, and had no time, the case being on trial, to prepare an adequate legal defense. And we observe, in passing, that the document in question is by no means free of legal dubiety, as indicated by the frank comments and the learned opinion of the Trial Judge, and the space devoted to the document in the briefs on appeal.

We thus further conclude the granting of the motion worked to the prejudice of the plaintiff and his attorneys, obfuscated the issues, and unnecessarily prolonged the trial. The plaintiff's attorneys had already conducted pretrial examinations over a period of many weeks, both in New York and in Los Angeles, unaware of the existence of this document now claimed to be fundamental. If they had known, the entire course of the litigation might have been different. Nor do the defendants excuse their failure to come forth. They admittedly had it in their knowing possession since 1967, yet they rationalize their quiet retention of it on the theory that if the plaintiff had been apprised of its existence he might have altered his testimony. And we find it anomalous and seemingly disingenuous that the defendants did not make a full and timely disclosure of a document, regarded by them in the Trial Part as so potent as to vitiate entirely the merits of the plaintiff's claim.

Accordingly, since we cannot countenance the prejudicial withholding of the subject document, under the circumstances of this case, we feel justified in invoking the sanctions prescribed by CPLR 3126 (see 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3126.06); 6 Carmody-Wait 2d, New York Civil Practice, § 34:36; *Gleeson* v. *Fairmont Manor Co.*, 38 A D 2d 802; and *Coffey* v. *Orbachs, Inc.*, 22 A D 2d 317, 319). And we modify the order appealed from, on the law and on the facts, to the extent of denying the defendants' application to amend their answer so as to add a fourth separate and complete affirmative defense based on the document admitted into evidence during the trial as Exhibit I, and we further direct that the document be precluded from presentation in evidence at the new trial, and otherwise we affirm, without costs or disbursements.

146

MARKEWICH, NUNEZ, MURPHY and CAPOZZOLI, JJ., concur.

Order, Supreme Court, New York County, entered on September 23, 1971, unanimously modified, on the law and on the facts, to the extent of denying the defendants' application to amend their answer so as to add a fourth separate and complete affirmative defense based on the document admitted into evidence during the trial as Exhibit I, and to the further extent of directing that the document be precluded from presentation in evidence at the new trial, and the order is otherwise affirmed, without costs and without disbursements.