■ HARRY TAYLOR, Appellant, v DAYTON SUREGRIP & SHORE COMPANY, INC., et al., Respondents, and DAYTON SUREGRIP & SHORE COMPANY, INC., Defendant and Third-Party Plaintiff. ALBERT ELIA BUILDING COMPANY, INC., Third-Party Defendant.—Judgment unanimously affirmed, without costs. Memorandum: The trial court properly denied plaintiff's motion to set aside the jury verdict as against the weight of the evidence. There was sufficient evidence to support the jury's conclusion that the wedge which caused plaintiff's injury was not supplied by the named defendants. The verdict should not be set aside unless the evidence preponderates so greatly in plaintiff's favor that the jury could not have reached its conclusion based on any fair interpretation of the evidence *(McDowell v Di Pronio,* 52 AD2d 749). The jury was entitled to weigh and discredit the testimony of the plaintiff whether or not contradicted *(Pertofsky v Drucks,* 16 AD2d 690). Finally, a question of fact was presented to the jury concerning the amount of care exercised by plaintiff and whether reasonable care on his part could have avoided this injury. Plaintiff's motion to set aside the verdict based, as he claims, on his surprise at trial that another company's wedges were delivered to the construction site, was also properly denied. The witness for Elia, a third-party defendant, had testified at an examination before trial that Dayton's wedges were used exclusively at the construction site. Dayton's attorney was under no compulsion to notify plaintiff, his adversary, that the testimony of the Elia witness might be impeached at the trial (CPLR 3101, subd [c]; cf. *Morgen v Columbia Broadcasting System,* 40 AD2d 143, 145, where defendants deliberately failed to disclose the existence of a

document after assuring plaintiff's attorney that all relevant documents had been made available during pretrial discovery). In any event, no application was made by plaintiff at the time the proof was offered, and plaintiff waived his right to seek a mistrial by not moving before the jury had returned the verdict against him *(Moore v Town of Huntington,* 39 AD2d 764; *Dunne v Lemberg,* 54 AD2d 955; *Reilly v Wright,* 55 AD2d 544). "Counsel may not be permitted to speculate upon whether a verdict will be favorable, before asserting a claim for a mistrial. Such a motion must be made in advance of the verdict." *(Schein v Chest Serv. Co.,* 38 AD2d 929.) (Appeal from judgment of Erie Supreme Court—negligence.) Present—Moule, J. P., Cardamone, Simons, Dillon and Schnepp, JJ.