■ KANDI HILIUK, Appellant, v LAWRENCE DAPONTE, Defendant, and THOMAS C. STEIGER et al., Respondents. (And Another Title.) — In an action to recover damages for personal injuries, plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Bellard, J.), dated February 22, 1983, as, upon reargument, adhered to its original determination dated December 13, 1982, granting defendants Steigers' motion for a mistrial. ¶ Order reversed, insofar as appealed from, with costs, and, upon reargument, respondents' motion for a mistrial denied and matter remitted to the Supreme Court, Kings County, for further proceedings consistent herewith. ¶ Plaintiff's counsel's alteration of a blackboard diagram (never introduced into evidence) during his summation in an effort to illustrate the alleged location of plaintiff's fracture did not constitute grounds for a mistrial (*Carroll v Roman Catholic Diocese,* 26 AD2d 552, affd 19 NY2d 658; *Haley v Hockey,* 199 Misc 512). Moreover, any prejudice which may have resulted from counsel's conduct was cured by the trial court's erasure of counsel's marking and its immediate and specific curative instructions to the jury (*Evans v Nab Constr. Corp.,* 80 AD2d 841; *Moore v Town of Huntington,* 39 AD2d 764). ¶ In granting respondents' motion for a mistrial, the trial court failed to render a decision on respondents' motion to set aside the $75,000 verdict on the ground of excessiveness (CPLR 4404, subd [a]). Accordingly we remit this matter to the Supreme Court, Kings County, for a determination on this issue. Titone, J. P., Gibbons, Bracken and Rubin, JJ., concur.