■ STANLEY LIEBMAN et al., Respondents, v OTIS ELEVATOR COMPANY, Defendant and Third-Party Plaintiff-Appellant-Respondent. PORT AUTHORITY OF NEW YORK AND NEW JERSEY, Third-Party Defendant-Respondent-Appellant.—In a negligence action to recover damages for personal injuries, etc., the defendant third-party plaintiff Otis Elevator Company (hereinafter Otis Elevator) appeals from (1) an order of the Supreme Court, Kings County (Goldberg, J.), dated July 11, 1985, which, inter alia, granted the motion of the third-party defendant Port Authority of New York and New Jersey (hereinafter the Port Authority) to dismiss the third-party complaint, and (2) an interlocutory judgment of the same court, entered September 19, 1985, which, after a jury trial on the issue of liability only, was in favor of the plaintiffs and against it, and which dismissed the third-party complaint. The Port Authority cross-appeals from the same interlocutory judgment.

Ordered that the cross appeal is dismissed as abandoned, and on the further ground that the Port Authority is not aggrieved by the interlocutory judgment since it dismisses the third-party complaint as against it (CPLR 5511); and it is further,

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the interlocutory judgment is affirmed; and it is further,

Ordered that the plaintiffs and the Port Authority appearing separately and filing separate briefs, are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the interlocutory judgment (CPLR 5501 [a] [1]).

We find that the evidence supported the jury verdict finding Otis Elevator negligent. A jury may infer negligence in the maintenance of an elevator from evidence of prior malfunctions (see, Rogers v Dorchester Assocs., 32 NY2d 553, 557, 559). In addition, the trial court did not err in instructing the jury as to the doctrine of res ipsa loquitur (see, Weeden v Armor Elevator Co., 97 AD2d 197, 205, 207; see also, Dermatossian v New York City Tr. Auth., 67 NY2d 219, 226; Corcoran v Banner Super Mkt., 19 NY2d 425, 430, remittitur amended 21 NY2d 793). We also note that the trial court did not err in dismissing the third-party complaint of Otis Elevator against the Port Authority (see, Rogers v Dorchester Assocs., supra, at 562-563; Sirigiano v Otis Elevator Co., 118 AD2d 920).

Finally, although some of the comments made by the plaintiffs' counsel may be viewed as improper, they do not require a new trial, especially in view of the trial court's many prompt curative instructions (see, Hiliuk v Daponte, 100 AD2d 612). Brown, J. P., Rubin, Kooper and Sullivan, JJ., concur.