■ GEORGE E. LADD et al., Respondents, v COLDWELL BANKER: CHARLES J. RACETTE & ASSOCIATES et al., Appellants. (And Another Related Action.)—Mercure, J. Appeal from an order of the Supreme Court (Viscardi, J.), entered June 27, 1989 in Clinton County, which, *inter alia,* partially granted plaintiffs' motion for summary judgment.

By agreement dated February 19, 1986, plaintiffs gave defendant Coldwell Banker: Charles J. Racette & Associates, a real estate broker, the exclusive right to sell their real property in the Town of Plattsburgh, Clinton County, for the listing price of $59,900. Plaintiffs agreed to pay a 10% commission if a sale was made or a purchaser found therefor. On April 16, 1986, plaintiffs entered into a written contract to sell the property to defendant Martin Mannix for $59,900, payable $10,000 in cash and the balance by a purchase-money mortgage, with payments amortized over 10 years with interest at 10% and the principal balance due at the end of five years, to

"be accompanied by the usual bond * * * and both shall contain the clauses usually contained in the forms of bonds * * * and mortgages used by lending institutions in Clinton County". The proposed closing did not take place as a result of a disagreement which arose in July 1986 as to whether the mortgage was to permit prepayment of the principal without penalty.

Plaintiffs commenced this action against Coldwell Banker and Mannix, alleging that Coldwell Banker ignored plaintiffs' wishes in procuring Mannix as a purchaser, failed to consider higher offers from other prospective purchasers, was overbearing, coercive and "bullied" plaintiffs into signing the contract with Mannix, and that Mannix breached the contract of sale. The complaint sought money damages and a declaration that the contract with Mannix was null and void. Coldwell Banker asserted a counterclaim for a real estate commission of $5,990, alleging that it had fulfilled its obligation by procuring a purchaser who entered into a contract of sale. Subsequently, plaintiffs moved and Coldwell Banker cross-moved for summary judgment. Supreme Court, concluding that there could be no meeting of the minds of the parties to the real estate contract absent a clause providing whether the mortgage principal could be prepaid without penalty, granted plaintiffs' motion to the extent of declaring the contract to be unenforceable and denied Coldwell Banker's cross motion. Coldwell Banker appeals.

There must be a reversal. Plaintiffs supported their motion for summary judgment with nothing more than an affirmation of their attorney, an individual with no apparent personal knowledge of the facts stated *(see, Zuckerman v City of New York,* 49 NY2d 557, 563), and selected pages of deposition testimony which are silent on the question of whether, at any time up to the formation of the contract, either party discussed or even considered whether the mortgage should contain a prepayment clause. Clearly, Mannix's later insistence that the mortgage contain a clause permitting prepayment of the principal without penalty was not competent evidence of his state of mind at the time of formation of the contract. Thus, Supreme Court was correct in its finding that, neither party having bargained for or expected such a clause, there was no specific meeting of their minds in that regard.

We do not agree with Supreme Court's conclusion, however, that a provision as to whether the principal may be prepaid without penalty was an essential contract term, the absence of which rendered the contract unenforceable. First, the provi-

sion of the contract that the bond and mortgage would contain the clauses usually contained in those used by lending institutions in Clinton County, essentially an incorporation by reference, provided an arguable means of determining whether the mortgage should contain a clause permitting prepayment of the principal without penalty. Moreover, if examination of the instruments in use by area lending institutions failed to resolve the issue, the parties could resort to the well-settled legal principle that, in the absence of a clause permitting prepayment without penalty, a mortgagor has no right to pay off the obligation prior to its stated maturity date *(see, Matter of Arthur v Burkich,* 131 AD2d 105, 106-107). Plaintiffs having failed to satisfy their burden of making a prima facie showing of entitlement to judgment as a matter of law *(see, Winegrad v New York Univ. Med. Center,* 64 NY2d 851, 853), their motion for summary judgment should have been denied.

Turning to the cross motion, we conclude that Coldwell Banker was entitled to judgment on its counterclaim as a matter of law. In the absence of an agreement providing to the contrary, a real estate broker's right to compensation is not dependent upon performance of the realty contract or receipt by the seller of the purchase price; rather, the broker is entitled to a commission when it produces a buyer who is ready, willing and able to purchase the subject property under the terms offered by the seller *(see, Blackman De Stefano Real Estate v Smith,* 157 AD2d 932, 934). Here, the uncontradicted evidence shows that at the time he entered into the contract, Mannix was ready, willing and able to go through with the purchase according to its terms. Finally, plaintiffs' vague, self-serving and conclusory allegations concerning Coldwell Banker's conduct will not suffice to defeat the cross motion for summary judgment. The record establishes that plaintiffs freely and voluntarily entered into the contract with Mannix for the sale of the realty at the full listing price.

Order reversed, on the law, with costs, plaintiffs' motion for summary judgment denied, defendant Coldwell Banker: Charles J. Racette & Associates' cross motion for summary judgment granted, complaint dismissed against said defendant and said defendant granted judgment on its counterclaim. Kane, J. P., Weiss, Mikoll, Yesawich, Jr., and Mercure, JJ., concur.