■ BETTIE DI MARCO, Appellant-Respondent, v WESTINGHOUSE ELECTRIC CORPORATION et al., Respondents-Appellants, and FERENS ELEVATOR COMPANY et al., Respondents, et al., Defendants.—Mahoney, P. J. Cross appeals (transferred to this court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Hickman, J.), entered November 22, 1989 in Orange County, which, *inter alia,* granted a motion by defendants Ferens Elevator Company and Eugene Mayer for summary judgment dismissing the complaint and all cross claims against them.

Plaintiff was injured when she was struck by a closing elevator door at her place of employment, Fishkill Correctional Facility in Dutchess County. She commenced this action against, *inter alia,* defendants Ferens Elevator Company (hereinafter Ferens) and Eugene Mayer, individually and doing business as Ferens Elevator Company (hereinafter Mayer), alleging negligent inspection, maintenance and repair and breach of warranty, and against defendants Westinghouse

---

Electric Corporation and Westinghouse Electric Elevator Company (hereinafter collectively referred to as Westinghouse) alleging negligent manufacture, design and installation, breach of warranty and strict products liability. After issue was joined, with defendants asserting appropriate cross claims, and discovery proceeded, Ferens and Mayer moved for summary judgment dismissing the complaint and cross claims against them. Westinghouse then cross-moved for summary judgment. Supreme Court granted summary judgment to Ferens and Mayer dismissing all claims against them and granted partial summary judgment to Westinghouse dismissing the warranty claims asserted. These cross appeals followed.

Initially, we note that the appealing parties have not taken issue with the dismissal of the warranty causes of action so that any arguments on these issues are abandoned (see, Matter of FYM Clinical Lab. v Perales, 147 AD2d 840, 840-841, affd 74 NY2d 539). Turning then to the substantive issues presented, we first address Supreme Court's dismissal of the cause of action for negligent inspection, maintenance and repair against Ferens and Mayer. The Court of Appeals quite recently abandoned the traditional misfeasance and nonfeasance distinctions for determining whether a party not in privity with the plaintiff can be liable for negligent inspection (see, Eaves Brooks Costume Co. v Y.B.H. Realty Corp., 76 NY2d 220, 225-226). Rather, the court imposed an inquiry of whether "the defendant has assumed a duty to exercise reasonable care to prevent foreseeable harm to the plaintiff" (supra, at 226). Assuming that under this standard Ferens and Mayer owed a duty to plaintiff, we nonetheless are of the view that summary judgment dismissing this negligence cause of action was properly granted. The proof submitted by Ferens and Mayer establishes no basis for liability for negligent inspection and service. Neither plaintiff nor Westinghouse submitted any evidentiary materials to raise questions of fact and the conclusory assertions of negligence are insufficient to defeat a motion for summary judgment (see, e.g., Ladd v Coldwell Banker, 167 AD2d 676). Significantly, plaintiff testified at an examination before trial that she had never before observed the elevator operate in the manner it did on the day of the accident so that it is difficult to infer any negligent maintenance (cf., Liebman v Otis Elevator Co., 127 AD2d 745, 746). Under such circumstances, Supreme Court properly granted summary judgment dismissing the negligence cause of action against Ferens and Mayer.

Turning to the denial of Westinghouse's cross motion for

summary judgment dismissing the negligence cause of action, Supreme Court found questions of fact from conflicting deposition testimony concerning whether the accident could have happened as plaintiff alleges. We agree. Significantly, Westinghouse has failed to submit any expert proof in support of its cross motion and plaintiff has identified various conflicts in the proof concerning how the accident might have occurred that could implicate the elevator's manufacture, design and installation. Under such circumstances, Supreme Court properly denied this aspect of the cross motion.

Finally, Westinghouse argues that Supreme Court erred in denying summary judgment dismissing the strict products liability cause of action. As previously noted, there are questions of fact concerning the elevator's alleged defective condition which can provide strict products liability (see, e.g., Lugo v LJN Toys, 75 NY2d 850, 852). Under such circumstances, we believe that summary judgment was properly denied on this part of the cross motion.

Order affirmed, without costs. Mahoney, P. J., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.