■ PATRICIA A. KERRICK, Appellant, v FINGER LAKES RACING ASSOCIATION, INC., et al., Respondents.—Order unanimously reversed on the law with costs, motion denied and cross motion granted in the exercise of discretion. Memorandum: Plaintiff was injured when she was kicked by a thoroughbred race horse that she was leading from an exercise area to a barn at defendants' race track. The complaint alleges that defendants were negligent in the construction and maintenance of an open ditch or culvert for the drainage of surface waters when they knew or should have known that thoroughbred horses are frightened by the presence of running water. Following discovery, defendants brought a motion for summary judgment, contending that there was no evidence that they were negligent in the construction or maintenance of the open culvert or that such negligence was a proximate cause of the accident. Supreme Court erred in granting that motion.

Defendants submitted no evidence negating the allegations of negligence in the construction and maintenance of an open culvert. In any event, the affidavit of plaintiff's expert was sufficient to raise a triable issue of fact on that issue. With respect to proximate cause, the record reveals that it had rained prior to the incident and water was running down the open culvert at the time of the accident; that plaintiff, a groom at the race track, had no prior difficulty in handling the horse, which had a reputation for being gentle; and that it was common knowledge that thoroughbred horses are frightened by the presence of running water and, when frightened, often kick and rear up in attempting to escape their handlers. Although plaintiff cannot recall how she was injured, an assistant trainer saw plaintiff leading her horse along the open culvert towards the barn seconds before the accident and observed that the horse was "rambunctious, obnoxious, very hot, snorting and resisting plaintiff's lead." The witness then heard a horse running on the pavement, looked again toward plaintiff and saw her sitting on the ground, bleeding from the neck. Proximate cause may be inferred from the facts and circumstances surrounding the event *(see, Derdiarian v Felix Contr. Corp.,* 51 NY2d 308; *Spano v County of Onondaga,* 135 AD2d 1091, 1092, *appeal dismissed* 71 NY2d 994; *see generally,* Prosser and Keeton, Torts § 41 [5th ed]). The facts and circumstances set forth in the instant record were sufficient to raise a triable issue of fact as to proximate cause *(see, Bolte v City of New York,* 22 NY2d 817, *revg* 28 AD2d 232).

Plaintiff cross-moved for leave to amend her complaint in order to conform certain factual allegations to the EBT testimony of the assistant trainer who was present when plaintiff was injured. Plaintiff also sought a further examination before trial of defendants. Supreme Court denied both requests as moot, and thus, did not consider either request on the merits. In the interest of judicial economy and in the exercise of our discretionary powers, we grant plaintiff's cross motion. (Appeal from Order of Supreme Court, Ontario County, Harvey, J.—Summary Judgment.) Present—Denman, P. J., Boomer, Green, Balio and Doerr, JJ.