■ MARK ELPHAGE et al., Respondents, v NEW YORK CITY HEALTH & HOSPITALS CORPORATION et al., Respondents, and FLYNN-HILL ELEVATOR CORP., Appellant.—In an action to recover damages for personal injuries, the defendant Flynn-Hill Elevator Corp. appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Katz, J.), dated September 25, 1990, as denied its motion for summary judgment dismissing the complaint and cross claims insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the plaintiffs-respondents and defendants-respondents appearing separately and filing separate briefs.

On March 7, 1982, at approximately 2:15 P.M., the plaintiff Dina Beaumont, who was nine months pregnant, was admitted to the emergency room at Jamaica Hospital and diagnosed as having "placenta previa", a condition which endangered the life of the fetus. It was determined that she should undergo a Cesarian section and thus medical personnel proceeded to transport her to an operating room located on the fourth floor of the hospital. Ms. Beaumont was taken to an elevator which led to the fourth floor of the hospital but the elevator failed to arrive. After waiting for some time, she was finally taken outside and around the hospital to another elevator. Ms. Beaumont finally gave birth to a "neurologically depressed" infant.

Ms. Beaumont commenced this action, individually, and on behalf of the infant, against the hospital, several doctors, the manufacturer of the elevator, and Flynn-Hill Elevator Corp. (hereinafter Flynn-Hill), the company which contracted with

the hospital to service, maintain, and repair the hospital's elevators. The plaintiffs claimed that the delay caused by the malfunctioning of the elevator was a cause of the infant's injuries.

We find that the court did not err in denying Flynn-Hill's motion for summary judgment. Flynn-Hill, *inter alia*, failed to meet its burden of establishing an absence of material issues of fact as to whether it was negligent in inspecting and servicing the elevator and as to proximate cause *(see, Kerrick v Finger Lakes Racing Assn.,* 181 AD2d 984; *cf., Di Marco v Westinghouse Elec. Corp.,* 170 AD2d 760). Thompson, J. P., Eiber, Miller and Pizzuto, JJ., concur.