■ KENNETH KERRIGAN, Respondent, v CITY OF NEW YORK et al., Defendants, and DOVER ELEVATOR COMPANY, Appellant. [605 NYS2d 307] —In an action to recover damages for personal injuries, the defendant Dover Elevator Company appeals from an order of the Supreme Court, Queens County (Nahman, J.), dated October 17, 1991, which denied its motion for summary judgment dismissing the complaint insofar as it is asserted against it.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as it is asserted against the appellant, and the action against the remaining defendants is severed.

The plaintiff was injured when he and a coworker were transporting tables on an escalator at the Jacob Javits Convention Center. Near the bottom of the escalator, one of the tables slipped off a dolly, trapping the plaintiff's foot between the escalator stair and the bottom of the escalator, and

crushing the plaintiff's foot. The plaintiff commenced this action against, among others, the appellant, on the theory that one of its elevators was out of service on the day of the accident, thus forcing the plaintiff to use the escalator to transport the tables. We conclude that, as a matter of law, the appellant's failure to have the elevator in operation was not a proximate cause of the plaintiff's injuries *(see, Martinez v Lazaroff,* 48 NY2d 819). Bracken, J. P., Balletta, O'Brien and Pizzuto, JJ., concur.