■ PATRICK J. WHALEN et al., Respondents, v TOWER 53 CONDOMINIUM et al., Appellants, et al., Defendant. TOWER 53 CONDOMINIUM et al., Plaintiffs-Appellants, v AMERICAN BROADCASTING COMPANIES, Third-Party Defendant-Respondent. [609 NYS2d 4] —Order, Supreme Court, Kings County (Jules Spodek, J.), entered on or about November 4, 1991, which granted third-party defendant's motion for summary judgment dismissing the third-party complaint, and denied defendants-appellants' motion for summary judgment dismissing the complaint as against them, unanimously affirmed, with costs.

Although the "exclusive control" requirement of res ipsa loquitur does not mean that there must have been only a single person in control of that which is alleged to have caused the injury *(see, Butti v Rollins,* 133 AD2d 205), the duty assumed by third-party defendant to provide security in its lobby did not extend to assuming responsibility for elevator malfunctions. While third-party defendant did assume the duty of relaying complaints about elevator malfunction to defendants, it cannot be held liable for a breach of that duty in the absence of any evidence that such a complaint had been received *(see, Di Marco v Westinghouse Elec. Corp.,* 170 AD2d 760).

By contrast, the liability of defendants owner and managing agent remains in issue, since their lease with third-party defendant expressly imposed a nondelegable duty upon them to inspect, maintain and repair the elevators, and the accident was not the sort that would ordinarily occur in the absence of negligence *(see, Burgess v Otis El. Co.,* 114 AD2d 784, 786, *affd* 69 NY2d 623). Concur—Carro, J. P., Ellerin, Wallach, Kupferman and Nardelli, JJ.