■ DORIS BANK et al., Respondents, v LINCOLN SHORE OWNERS, INC., et al., Defendants, and OTIS ELEVATOR, Appellant. [644 NYS2d 554] —In an action to recover damages, *inter alia,* for personal injuries, etc., the defendant Otis Elevator appeals from so much of an order of the Supreme Court, Kings County (Barash, J.), dated July 26, 1995, as, upon reargument, adhered to its original determination denying the cross motion of the defendant Otis Elevator for summary judgment dismissing the complaint and all cross claims insofar as they are asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the cross motion of the defendant Otis Elevator is granted, and the complaint and all cross claims are dismissed insofar as they are asserted against the defendant Otis Elevator.

The material facts in this case are not in dispute. One of the elevators in the plaintiffs' building was not operating. Accordingly, the 83-year-old plaintiff, Doris Bank, walked up one flight of stairs to the roof to cross to another section of the building in order to gain access to an elevator in that section of the building. While walking down the stairs from the roof in the other section of the building, Mrs. Bank slipped and fell on the stairs. The plaintiffs commenced this action against, among others, the defendant Otis Elevator, on the theory that its failure to maintain the elevator which was out of service was a proximate cause of the accident. We conclude that, as a matter of law, Otis Elevator's failure to have the elevator in operation was not a proximate cause of Mrs. Bank's injuries (*see, Kerrigan v City of New York,* 199 AD2d 367; *see also, Benaquista v Municipal Hous. Auth.,* 212 AD2d 860; *cf., Elphage v New York City Health & Hosps. Corp.,* 185 AD2d 295). Rosenblatt, J. P., Sullivan, Copertino, Santucci and Goldstein, JJ., concur.