■ JOHN D'AMELIO et al., Plaintiffs, v TISHMAN CONSTRUCTION CORPORATION OF NEW YORK et al., Defendants. (And a Third-Party Action.) TISHMAN CONSTRUCTION CORPORATION OF NEW YORK et al., Second Third-Party Plaintiffs-Appellants, v WESTCHESTER MASONRY CORP., Second Third-Party Defendant-Respondent. [773 NYS2d 553]—

Judgment, Supreme Court, New York County (Jane Solomon, J.), entered November 6, 2002, which, to the extent appealed from as limited by the briefs, upon a directed verdict, dismissed the second third-party complaint, unanimously affirmed, without costs.

Plaintiff was injured when, while searching for a piece of plywood at a construction site owned by second third-party plaintiff SZS 33rd Associates and managed by second third-party plaintiff Tishman Construction Corporation, he fell into an open and unguarded trench. Contrary to the contention of SZS and Tishman, the evidence did not warrant an inference that it was the obligation of plaintiff's employer, second third-party defendant Westchester Masonry Corp., to supply the plywood sought by plaintiff, but even if it had, the causal con-

nection between any such negligence on Westchester Masonry's part and plaintiff's harm would have been too attenuated to support the imposition of liability. At most, the absence of the plywood required to shore the ramp used to deliver construction materials to the work site created the occasion of plaintiff's injury, i.e., plaintiff's search, an activity that would have involved no unreasonable risk had it not been for the open, unguarded and unbraced trench, a hazard which Westchester Masonry did not direct plaintiff to negotiate and for which it demonstrably bore no responsibility (see Benaquista v Municipal Hous. Auth. of City of Schenectady, 212 AD2d 860, 861 [1995]; Kerrigan v City of New York, 199 AD2d 367 [1993]).

We have reviewed appellants' remaining point and find it unavailing. Concur—Nardelli, J.P., Tom, Andrias, Saxe and Marlow, JJ.