■ LORETTA DYKES, Appellant-Respondent, v STARRETT CITY, INC., Respondent, and SCHINDLER ELEVATOR CORPORATION, Respondent-Appellant, et al., Defendants. [904 NYS2d 465]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Balter, J.), entered March 18, 2009, as granted that branch of the cross motion of the defendant Starrett City, Inc., for summary judgment dismissing the complaint insofar as asserted against it and granted the cross motion of the defendant Schindler Elevator Corporation which was for summary judgment dismissing the complaint to the extent the plaintiff "premises her demand for relief upon common-law negligence," and the defendant Schindler Elevator Corporation cross-appeals, as limited by its brief, from so much of the same order as denied that branch of its cross motion which was for summary judgment dismissing that portion of the complaint that sought relief against it "based upon the theory of res ipsa loquitur."

Ordered that the order is reversed insofar as appealed from, on the law, that branch of the cross motion of the defendant Starrett City, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it is denied, and that branch of the cross motion of the defendant Schindler Elevator Corporation which was for summary judgment dismissing the complaint to the extent the plaintiff "premises her demand for relief upon common-law negligence," is denied; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff payable by the defendants Starrett City, Inc., and Schindler Elevator Corporation.

The plaintiff allegedly was injured when she tripped and fell stepping into a misleveled elevator. The elevator was located in a residential building owned by the defendant Starrett City, Inc. (hereinafter Starrett), and was scheduled for replacement as part of a modernization project. The defendant Schindler Elevator Corporation (hereinafter Schindler) was hired by Starrett to repair, maintain, and ultimately replace the elevators.

"An elevator company which agrees to maintain an elevator in safe operating condition may be liable to a passenger for failure to correct conditions of which it has knowledge or failure to use reasonable care to discover and correct a condition which it ought to have found" (*Rogers v Dorchester Assoc.*, 32 NY2d 553, 559 [1973]). However, the property owner continues to owe a nondelegable duty to elevator passengers to maintain its buildings' elevators in a reasonably safe manner (*see Rogers v Dorchester Assoc.*, 32 NY2d at 559; *Ortiz v Fifth Ave. Bldg. Assoc.*, 251 AD2d 200 [1998]; *O'Neill v Mildac Props.*, 162 AD2d 441 [1990]). Moreover, negligence in the maintenance of an elevator may be inferred from evidence of prior malfunctions (*see Rogers v Dorchester Assoc.*, 32 NY2d at 557, 559; *Liebman v Otis El. Co.*, 127 AD2d 745 [1987]). Here, based on the deposition testimony and documentary evidence of numerous complaints and malfunctions of the subject elevator prior to the plaintiff's accident, there were triable issues of fact as to both Starrett's and Schindler's notice of a defective condition involving the subject elevator sufficient to defeat their respective cross motions for summary judgment. Further, the Supreme Court improperly separated the plaintiff's claims based on common-law negligence from those "based upon the theory of res ipsa loquitur" (*see Abbott v Page Airways*, 23 NY2d 502 [1969]; *Weeden v Armor El. Co.*, 97 AD2d 197, 202 [1983]). Mastro, J.P., Covello, Belen and Hall, JJ., concur.