■ DOROTHY GROSSMAN, Respondent, v TARGET CORPORATION, Appellant, et al., Defendants. [924 NYS2d 141]—

In an action to recover damages for personal injuries, the defendant Target Corporation appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Schneier, J.), dated October 29, 2010, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion of the defendant Target Corporation for summary judgment dismissing the complaint insofar as asserted against it is granted.

The plaintiff commenced this action to recover damages for personal injuries allegedly sustained at the premises of the defendant Target Corporation (hereinafter Target) when she fell down a moving escalator while attempting to board it with her personal pushcart filled with groceries. Target moved for summary judgment dismissing the complaint insofar as asserted against it. The Supreme Court denied Target's motion, finding that there were triable issues of fact precluding summary judgment in its favor. Target appeals, and we reverse the order insofar as appealed from.

"A landowner must act as a reasonable [person] in maintaining his [or her] property in a reasonably safe condition in view of all the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk" (*Basso v Miller*, 40 NY2d 233, 241 [1976] [internal quotation marks omitted]; *see Peralta v Henriquez*, 100 NY2d 139, 144 [2003]; *DiVietro v Gould Palisades Corp.*, 4 AD3d 324 [2004]). "Encompassed within this duty is the duty to warn of dangerous conditions existing on the property" (*Doyle v State of New York*, 271 AD2d 394, 395 [2000]). However, "a landowner has no duty to warn of an open and obvious danger" (*Tagle v Jakob*, 97 NY2d 165, 169 [2001]; *see Cupo v Karfunkel*, 1 AD3d 48, 51 [2003]) because " '[t]he situation is then a warning in itself' " (*DeMarrais v Swift*, 283 AD2d 540, 541 [2001], quoting *Olsen v State of New York*, 30 AD2d 759, 759-760 [1968], *affd* 25 NY2d 665 [1969]). Here, the plaintiff has not alleged that Target failed to remedy a dangerous or defective condition on its property, but only that Target failed to warn her of the danger posed by taking a cart onto the escalator (*see Cupo v Karfunkel*, 1 AD3d at 51-52). In support of its motion for summary judgment, Target demonstrated, prima facie, that the danger arising from the act of boarding a moving escalator with a pushcart was open and obvious and readily perceptible by the plaintiff. Accordingly, Target established that it had no duty to warn the plaintiff of the risks of such behavior (*see Rivas-Chirino v Wildlife Conservation Socy.*, 64 AD3d 556 [2009]; *Negin v New York Aquarium*, 4 AD3d 511 [2004]). In opposition, the plaintiff failed to raise a triable issue of fact (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]).

Target also demonstrated, prima facie, that any conduct or omission on its part which caused the elevators to be out of service at the time of the accident was not a proximate cause of the plaintiff's injuries (*see Bank v Lincoln Shore Owners*, 229 AD2d 370 [1996]; *Kerrigan v City of New York*, 199 AD2d 367, 368 [1993]). In opposition, the plaintiff failed to raise a triable issue

of fact (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]).

Furthermore, Target is correct that the doctrine of res ipsa loquitur is inapplicable in this case.

Accordingly, the Supreme Court should have granted Target's motion for summary judgment dismissing the complaint insofar as asserted against it. Mastro, J.P., Leventhal, Austin and Cohen, JJ., concur.