22-2911-cv
*Shin v. Wu*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of October, two thousand twenty-three.

PRESENT:     John M. Walker, Jr.
             Steven J. Menashi,
             Eunice C. Lee,
                     *Circuit Judges.*

_____

EDWARD SHIN,

        *Plaintiff-Appellant*,

    v.                                              No. 22-2911

TERRANCE WU,

        *Defendant-Appellee,*

VICTORIA WANG, AS TRUSTEE OF THE
RICHARDSON IRREVOCABLE TRUST,

*Defendant-Trustee-Cross-Defendant-Appellee,*

RICHARDSON IRREVOCABLE TRUST,

*Defendant-Third-Party-Defendant-Appellee,*

DEH-JUNG DEBORAH WANG,

*Defendant-Third-Party-Defendant-Cross-Defendant-Appellee,*

YS2 ENTERPRISES INC., YOUNG K. LEE, MICHEL S. WANG,

*Defendant-Third-Party-Plaintiff-Cross-Defendant-Cross-Claimant-Appellee.*[*]

_____

| | |
|---|---|
| *For Plaintiff-Appellant*: | ROBERT J. BASIL, Basil Law Group, P.C., New York, NY. |
| *For Defendants-Appellees Terrance Wu, Victoria Wang, Richardson Irrevocable Trust, Deh-Jung Deborah Wang, and Michel S. Wang:* | CARMEN NICOLAU, Chartwell Law Offices, LLP, White Plains, NY. |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Gold, M.J.).

_____

[*] The Clerk of Court is directed to amend the caption as set forth above.

Upon due consideration, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the orders of the district court of December 16, 2020, and October 20, 2022, are **AFFIRMED**.

Plaintiff-Appellant Edward Shin appeals the district court's judgment entered on October 20, 2022. This appeal requires us to review the district court's ruling of December 16, 2020, granting summary judgment to the defendants on Shin's negligence claim for injuries he suffered in the defendants' building after he was kicked down the stairs. We review a grant of summary judgment "*de novo*, resolving all ambiguities and drawing all permissible inferences in favor of the nonmoving party." *Tiffany & Co. v. Costco Wholesale Corp.*, 971 F.3d 74, 83 (2d Cir. 2020). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

**I**

Shin argues that the district court treated the expert testimony of Dr. William Marletta improperly. Appellant's Br. 12-18. We disagree. "An expert … is not entitled to a conclusion that his view of the facts necessarily precludes summary judgment." *Dalberth v. Xerox Corp.*, 766 F.3d 172, 189 (2d Cir. 2014). When the nonmovant produces an expert report at the summary judgment stage, "if the admissible evidence is insufficient to permit a rational juror to find in favor of the plaintiff, the court remains free to … grant summary judgment for [the] defendant." *In re Omnicom Grp., Inc. Sec. Litig.*, 597 F.3d 501, 512 (2d Cir. 2010) (quoting *Amorgianos v. Nat'l R.R. Passenger Corp.*, 303 F.3d 256, 267 (2d Cir. 2002)). Summary judgment may be "appropriate," for example, "because [the expert's] testimony does not suffice to draw the requisite causal connection." *Id*. "An expert's conclusory opinions" or "[a]n expert's opinions that are without factual basis and are based on speculation or conjecture" are also "inappropriate material for consideration on a motion for summary judgment." *Major League Baseball Properties, Inc. v. Salvino, Inc.*, 542 F.3d 290, 311 (2d Cir. 2008).

3

In this case, the district court did not exclude Dr. Marletta's expert testimony. Rather, the district court considered Dr. Marletta's testimony and concluded that it did not create genuine issues of material fact sufficient to avoid summary judgment. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 256 (1986). Of the six key conclusions of Dr. Marletta that Shin identifies on appeal, the district court either did not dispute or expressly adopted all but one. *See* S. App'x 6-7, 13 n.9, 17-18. The district court rejected only the conclusion that the alleged deficiencies in the building were "very likely contributing factors to this accident." App'x 752; *see* S. App'x 21-22 n.10. The district court was not required to accept that conclusory opinion, which was based on conjecture, especially when the district court had additional video evidence of the accident before it. A court may rely on a "videotape [that] quite clearly contradicts" a party's "version of the story." *Scott v. Harris*, 550 U.S. 372, 378 (2007). When "no reasonable jury could believe" that version, "a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Id.* at 380.

## II

The district court also correctly granted summary judgment on both breach of duty and proximate cause. To show a breach of duty, "the plaintiff must demonstrate 'that the defendant either created the defective condition, or had actual or constructive notice thereof.'" *Tenay v. Culinary Tchrs. Ass'n of Hyde Park*, 281 F. App'x 11, 13 (2d Cir. 2008) (alteration omitted) (quoting *Baez v. Jovin III, LLC*, 41 N.Y.S.2d 201, 202 (2d Dep't 2007)). The New York Court of Appeals has held that a defendant is liable for creating a dangerous condition when the defendant took an "affirmative act in creating the condition." *Cook v. Rezende*, 32 N.Y.2d 596, 599 (1973). A breach based on notice requires that the defendant "have notice of the [dangerous] condition itself as well as [of] the unreasonable risk it creates." *Herman v. State*, 63 N.Y.2d 822, 823 (1984).

None of the building's purportedly dangerous conditions breached the duty of care that the building-owner defendants owed to Shin. While the defendants

were on notice that the elevator was broken, App'x 605, 760-81; S. App'x 8, Shin failed to allege facts that the defendants were on notice that the broken elevator was an "unreasonable risk." *Herman*, 63 N.Y.2d at 823. Similarly, the allegations did not create a genuine issue of material fact over whether the defendants had constructive notice that the level of illumination or the landing's width created an unreasonable risk. Although Dr. Marletta testified that the illumination levels in the landing were inconsistent with the applicable building code, he also stated that the landing's width was not in violation of any code. *See* App'x 746, 961. Regardless, courts applying New York law have "declined to impute constructive notice to defendants where the allegedly defective conditions deviate from accepted practices by relatively small dimensions that could only be detected through structural analysis." *Batista v. Metro. Transp. Auth.*, No. 20-CV-1254, 2021 WL 2894351, at *8 (S.D.N.Y. July 9, 2021) (quoting *Deykina v. Chattin*, No. 12-CV-2678, 2014 WL 4628692, at *8 (E.D.N.Y. Sept. 15, 2014)), *aff'd*, 2022 WL 2442312 (2d Cir. July 5, 2022); *see also McHale v. Westcott*, 893 F. Supp. 143, 149 (N.D.N.Y. 1995) (granting summary judgment because "the only way defendants could have discovered the defect was by undertaking a structural analysis" and "plaintiffs did not allege any fact or occurrence that would have alerted defendants to the need for such analysis").

Additionally, Shin's argument that the defendants "created the lack of crowd control conditions, as they neither provided any crowd control nor required their liquor-mongering tenants to do so," Appellant's Br. 25, is unavailing. Shin has not alleged facts showing that the defendants engaged in "an affirmative act in creating the condition." *Cook*, 32 N.Y.2d at 599.

The district court also correctly granted summary judgment on the issue of proximate cause. "A defendant's negligence qualifies as a proximate cause where it is a substantial cause of the events which produced the injury." *Turturro v. City of New York*, 28 N.Y.3d 469, 483 (2016) (internal quotation marks omitted) (quoting *Mazella v. Beals*, 27 N.Y.3d 694, 706 (2016)). Shin fell because he was kicked. *See* Exhibit G at 2:12-2:16; S. App'x 20; App'x 966-67. The non-working elevator was

not a proximate cause of Shin's fall, because "as a matter of [New York state] law … failure to have the elevator in operation [i]s not a proximate cause" of a fall down a staircase. *Bank v. Lincoln Shore Owners, Inc.*, 229 A.D.2d 370, 370 (2d Dep't 1996); *see also Grossman v. Target Corp.*, 84 A.D.3d 1164, 1165 (2d Dep't 2011) (holding that "any conduct or omission … which caused the elevators to be out of service at the time of the accident was not a proximate cause of the plaintiff's injuries" from falling down an escalator). Nor was the allegedly inadequate lighting a proximate cause of Shin's fall. The video evidence indicates that Shin would not have avoided his injury regardless of the lighting of the staircase, a point even Dr. Marletta conceded. Exhibit G at 2:12-2:16; App'x 963-68.

We also agree with the district court that the purportedly too-small landing was not a cause of the injury. Shin had plenty of room to step away from the stairs, or to place both feet on the landing, if he had so chosen. The landing's size did not force him to stand where or how he did. Finally, Shin has failed to create a genuine issue of material fact that the kick down the stairs was a reasonably foreseeable result of the lack of crowd control, so as to demonstrate proximate cause. *See Derdiarian v. Felix Contracting Corp.*, 51 N.Y.2d 308, 315 (1980).

\*    \*    \*

We have considered Shin's remaining arguments, which we conclude are without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6