sential to the health of the community in general, and to those occupying the premises which this sewer is designed to drain. These objections, as well as various others urged by the plaintiff, are, to quote the language of the court in Gilmore v. City of Utica, 131 N. Y. 26, 34, 29 N. E. 841, 843, "of the purest technicality, and under these circumstances courts should not be astute to find some means of setting aside what, so far as the evidence shows, is a meritorious assessment, levied for the payment of the cost of a public improvement."

The suggestion that the defendant had failed to accept certain conveyances of rights of way, or that there was a defect in the proceedings vitiating the assessment because of the fact that at the time of the commencement of this action the defendant had a mere license to construct the sewer under the tracks of the New York Central & Hudson River Railroad, is hardly worthy of serious consideration. It is always presumed that a beneficial grant is accepted, and the fact that the defendant procured these grants, and then constructed the sewer through the premises described in such grants, is conclusive that the right vested in the defendant. In the matter of crossing the railroad, it appears that the matter has since been entirely cleared up by a grant from the railroad company, and there is no ground for equitable relief in this techaical defect.

We have examined all of the matters urged by the plaintiff, but we are unable to agree with the conclusion reached by the learned court at Special Term. The proceedings of a jurisdictional character appear to have been complied with in a manner which is not open to criticism, and the details appear to have been worked out with more than usual regard for the rights of those who are to pay for the improvement. Mere formal defects, in no wise working an injury to one who has stood by and seen a public improvement constructed, are not proper grounds for setting aside an assessment, which must result in throwing the burden either upon the contractor or upon the community at large; and we are of opinion that the evidence in this case does not warrant the disposition made at Special Term.

The judgment appealed from should be reversed, with costs to abide the final award of costs.

All concur, except MILLER, J., who dissents on the ground that the finding that the illegal provisions of the estimates and contracts increased the cost of the work is abundantly supported by the evidence. The successful bidder admitted that it entered into his estimates.

---

(112 App. Div. 341)

PALMER et al. v. LARCHMONT HORSE RY. CO. et al.

(Supreme Court, Appellate Division, Second Department. April 27, 1906.)

STREET RAILROADS—DRIVING ON TRACKS—FAILURE TO LOOK AND LISTEN—QUESTION FOR JURY.

While deceased was driving along the street on a dark night he discovered red lights hanging on telegraph poles, which encroached upon the highway to within about nine feet of the street car tracks. In order to avoid the apparent danger, he turned in and drove along with two wheels over the first rail. A few seconds later he was struck by a car coming

up from behind and killed. *Held*, that he was not guilty of contributory negligence as a matter of law because he failed to look and listen before driving upon the tracks.

GAYNOR and Miller, JJ., dissenting.

Appeal from Trial Term, Westchester County.

Action by Bryant S. Palmer and another, as administrators of Floyd T. James, against the Larchmont Horse Railway Company and another. From a judgment for plaintiffs, and an order denying a motion for a new trial, defendants appeal. Judgment and order affirmed, with costs.

Argued before HIRSCHBERG, P. J., and WOODWARD, RICH, MILLER, and GAYNOR, JJ.

Isaac N. Mills, for appellants.
Arthur C. Palmer, for respondents.

WOODWARD, J. Counsel have argued this case at great length in their briefs, but the case does not appear to be different in principle from negligence cases generally, and it is practically conceded upon this appeal that the motorman operating the car which produced the injuries complained of was negligent in the management of the same.

The only other question upon the merits is whether the plaintiffs have offered evidence from which the jury were justified in finding that the plaintiffs' intestate was free from contributory negligence. The two railroad companies were jointly interested in the operation of the cars over the line, and we are of opinion that there is no question of the joint liability, if there is, in fact, any liability at all; and upon this proposition the jury has found in favor of the plaintiffs. The defendants appeal.

Floyd T. James was killed in a collision between the car jointly operated by the defendants and a light wagon which he was driving on the highway in the town of Mamaroneck, between the villages of Mamaroneck and Larchmont, on the 28th day of November, 1900, at about 11:30 p. m., and his administrators bring this action to recover damages for his death, alleging negligence on the part of the defendants. On the night of the accident, James, in company with one Chatterton, started on a drive from White Plains, following the highway and the tracks of the trolley line of one of the defendants. When in Palmer avenue, in the town of Mamaroneck, the plaintiffs' intestate, who had been driving along the side of the track, discovered red lights hanging on certain telegraph poles, which encroached upon the highway to such an extent that the driveway was only about 9 feet between the tracks of the defendants and the poles, back of which was a retaining wall. He was driving at the rate of about 8 miles an hour, and his attention was called to the lights by his companion just as they were within about 25 feet of the first pole containing such lights. The night was starlight but dark, and, being thus warned of danger, James turned his horse in the direction of the tracks of the defendants, and, crossing over the first rail with two wheels of his light wagon, he was driving along in the same general direction, without slackening his speed, when his wagon was hit in the rear by the defendants' car, and he was thrown out and under the wheels of the car, which appears to have run some

200 feet before coming to a stop, when the deceased was found under the car mangled and dead. The evidence shows that the deceased was not upon the track for a distance of more than 40 feet, involving only a few seconds of time at the rate his horse was traveling, and the defendants urge upon this appeal that he was guilty of contributory negligence, or, at least, that the plaintiffs have failed to show a lack of contributory negligence, because it is not shown that the deceased looked or listened before driving upon the tracks of the defendants; and a long line of cases in which the courts have held that a plaintiff cannot recover where he has entered upon the tracks without listening or looking, and has driven upon the same, are cited in behalf of this contention. It seems to us that none of these cases have any bearing upon the situation as it was revealed by the evidence, and as the jury were justified in finding. The defendants were occupying a public highway. They were charged with the duty of knowing the situation at the point where this accident occurred, and the fact that the deceased, driving briskly along a public highway, to avoid an apparent danger, turns his horse upon the defendants' tracks, and proceeds along the line for the obvious purpose of passing the danger signals, is not inconsistent with the exercise of that reasonable degree of care which he was called upon to exercise. He was in a position of apparent danger. The entire time between the moment his attention was called to the red lights and the collision was but a few seconds, and the acts of a man in an emergency, even though not the most prudent which might have been adopted, do not constitute negligence. It seems to us that the jury might very properly draw the inference that the deceased was exercising due care in driving along this highway; this was the duty he owed, not to the defendants, but to himself. He had a right to be there; he had a right to traverse any part of that highway, subject to the paramount right of the defendants to operate their cars in a reasonably careful manner; and when the deceased saw these red lights, and drove away from the apparent danger, he was exercising some degree of care, and the fact that, in exercising this care, he ran into a new danger, and one which he had had no reasonable opportunity to observe, does not deprive his representatives of the right to recover for the negligence of the defendants. He was not driving heedlessly; he was exercising care. He was trying to avoid danger, and in the brief interval that elapsed between the first effort to avoid the danger indicated by the red lights, the extent of which in the darkness he could not readily determine, and the happening of the accident, was not sufficient to justify the conclusion that he was upon the tracks in a negligent manner. He had a right to get past the red lights, to get past the danger which they indicated; and while he could not recklessly disregard the fact that the defendants were operating cars over that line, he was not, as a matter of law, bound to look or listen before making an effort to get out of the danger which seemed both obvious and imminent. At least, we think the situation was one which was properly submitted to the jury, and that its verdict, in the absence of legal error, ought not to be disturbed.

We have examined the matters alleged to constitute error in the trial of this case, but we do not find that the rights of the defendant have

been prejudiced, and we reach the conclusion that the judgment and order appealed from should be affirmed.

Judgment and order affirmed, with costs.

HIRSCHBERG, P. J., and RICH, J., concur.

GAYNOR, J. (dissenting). The motion to dismiss should have been granted. The facts of this case are simple, once you get through the drudgery of picking them out of the mass of useless matter which counsel on both sides seemed bent on accumulating on the trial. The deceased was driving about midnight in a light one seat wagon along a suburban country road on which there was an electric street railway. Another man was seated with him. They saw two or three red lanterns ahead of them suspended in the road, indicating that some work was going on there, and that that part of the street was obstructed. The deceased turned his horse upon the railway track to go by the place where the lanterns were, and his wagon was forthwith run into by a car that came up behind him and he was killed. It all happened in a few seconds. The car was fully lighted by electricity. Neither the deceased nor his companion, as appears from the testimony of the latter, who was sworn by the plaintiff, looked back, or listened, or did anything to find out if a car was coming before turning into the track. They were talking about wagons. They were in no place of danger when they turned; they simply saw some warning lights ahead and turned. Their negligence was gross, and that it contributed to the accident is beyond doubt. The case is of a class familiar to us all. If the deceased had been driving along on the track before he was hit, which is by no means as strong a case for the defendant, it seems there could be no recovery: Belford v. B. H. R. Co., 86 App. Div. 388, 83 N. Y. Supp. 836. He turned into the track where he knew cars ran at high speed, and was bound to look before doing so. Even one afoot would not be excused for omitting to do so. Reed v. Metropolitan R. Co., 180 N. Y. 315, 73 N. E. 41. Reasonable prudence is to look when you can.

The judgment should be reversed.

MILLER, J., concurs.