■ ERNEST B. DOIN, Appellant-Respondent, v NORTH AMERICAN CARBIDE OF NEW YORK, INC., Respondent-Appellant.— Harvey, J. Cross appeals from an order of the Supreme Court at Special Term (Williams, J.), entered June 14, 1984 in Saratoga County, which partially granted defendant's motion for summary judgment dismissing the complaint.

On February 1, 1982, plaintiff slipped and fell on ice and broke his left leg. He returned to his place of employment shortly thereafter with his leg in a cast and walking with the aid of crutches. The record does not clearly indicate the duties performed by plaintiff. It appears that his normal employment was as a salesman and that, on the date of the injury, he was on loan to another company in a supervisory capacity but with his continuing responsibility for sales. For a period of time, he worked about five hours per day and spent a good deal of his time on the telephone. On April 23, 1982, defendant terminated plaintiff's employment.

Plaintiff has commenced this action alleging a cause of action for violation of 42 USC* and a common-law action for breach of an employment contract. He now concedes that there is no basis for these two causes of action and has consented to their dismissal. A third cause of action alleges a violation of Executive Law § 296 which prohibits termination of employment due to disability. He also alleged a tort cause of action for a violation of the protection provided him under Workers' Compensation Law § 120. Defendant moved for summary judgment dismissing the entire complaint. Special Term, in addition to the two causes of action first mentioned, dismissed the tort cause of action. Special Term denied defendant's motion to dismiss the action pursuant to the Executive Law. These cross appeals ensued.

The action is for money damages to compensate plaintiff for severe mental and physical stress and loss of earnings. We agree with Special Term in its determination that the complaint states no viable cause of action in tort. To support an action for intentional tort, it must be established that a defendant, by extreme and outrageous conduct, intentionally or recklessly causes severe emotional distress (see, Fischer v Maloney, 43 NY2d 553, 557). There was no proof to establish such conduct.

---

* A review of plaintiff's complaint reveals that a specific statutory section of 42 USC was not alleged.

Neither does the law of this State recognize the tort of abusive or wrongful discharge of an at-will employee (*see, Murphy v American Home Prods. Corp.,* 58 NY2d 293, 297).

In order to establish liability under the Executive Law, it is incumbent upon plaintiff to prove that his employment termination was because of his disability and that, although disabled, his impairment did not preclude him from performing his duties in a reasonable manner. In order for defendant to succeed in its motion for summary judgment on this cause of action, it must clearly establish that no issue of fact remains in that regard. Our examination of the testimony taken by deposition is that there is no clear indication of the reason for plaintiff's discharge. "To grant summary judgment it must clearly appear that no material and triable issue of fact is presented (*Di Menna & Sons* v. *City of New York,* 301 N.Y. 118). This drastic remedy should not be granted where there is any doubt as to the existence of such issues (*Braun* v. *Carey,* 280 App. Div. 1019), or where the issue is 'arguable' (*Barrett* v. *Jacobs,* 255 N.Y. 520, 522); 'issue-finding, rather than issue-determination, is the key to the procedure' (*Esteve* v. *Abad,* 271 App. Div. 725, 727)" (*Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395, 404; *see also, Falk v Goodman,* 7 NY2d 87, 91). We conclude that this issue of fact cannot be determined summarily.

Order affirmed, without costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.