■ SHIRLEY C. SULLIVAN, as Administratrix of the Estate of DAVID L. SULLIVAN, Deceased, Respondent, v MARK WELSH et al., Appellants.—Order reversed on the law without costs and motion granted. Memorandum: Decedent suffered a concussion and various back injuries in an automobile accident. Nearly 21 months later, he committed suicide by hanging. Defendants instituted this motion for partial summary judgment dismissing a wrongful death cause of action brought by his administratrix upon the grounds that the suicide was a supervening cause of death and that there is no evidence of causal connection between death and the accident. Special Term acknowledged that defendants' claim had merit, but denied the motion.

We agree that suicide is not, as a matter of law, a superseding cause. We conclude, however, that defendants have demonstrated that, as a matter of law, the cause of action is without merit. Defendants submitted an attorney's affidavit together with several papers and documents. An attorney's affidavit is probative where, as here, it refers to and discusses the contents of other papers and documents submitted on the motion *(Zuckerman v City of New York,* 49 NY2d 557, 563). Defendants' submission reveals the absence of any claim or evidence that decedent suffered organic brain damage or any other form of mental injury or illness as a result of the accident. It also shows that death was caused by suicide by hanging; that decedent was not treated by any medical professional or other counselor for any mental problem; that plaintiff, his mother, never suggested that he consult with anyone concerning his depression; and that plaintiff's theory that the

decedent became despondent and depressed when his injuries prevented him from working and enjoying a full and productive life is supported only by plaintiff's statement during an examination before trial that she "feels" decedent's death was related to the accident because she could see that he was getting very depressed.

Defendants have adequately demonstrated the absence of any evidence of organic brain damage or other brain injury that could have caused the suicide *(see, Fuller v Preis,* 35 NY2d 425). They have additionally shown the absence of any evidence that would suggest any causal connection between the accident and death. Plaintiff's statement that she "feels" some connection, unsupported by any medical or other professional opinion, does not raise a factual issue *(see, Corrieri v Cole,* 26 NY2d 932). There was no reason for defendants to physically examine decedent prior to death regarding his mental state, and the mental documentation before the court fails to reveal any such condition. To the extent that any party could submit affirmative proof of the nonexistence of a fact or causal relationship under these circumstances, defendants have satisfied the burden.

Once the movant has sufficiently demonstrated that a claim lacks merit, the plaintiff must come forward with proof in evidentiary form showing the existence of a bona fide and genuine issue of fact *(GTF Mktg. v Colonial Aluminum Sales,* 66 NY2d 965, 968). The plaintiff is obliged to "lay bare [her] proof" (Siegel, NY Prac § 281, at 338). Plaintiff submitted an attorney's affidavit with medical reports attached. The medical reports do not reveal the existence of any mental injury or state of depression and, indeed, indicate that the extent of decedent's disability was "minor". In sum, plaintiff has shown nothing relevant to the wrongful death action. As this court has stated numerous times, the mere shadowy semblance of an issue is not enough to defeat summary judgment *(see, e.g., Metropolitan Bank v Hall,* 52 AD2d 1084; *Manufacturers & Traders Trust Co. v Barry Warehouses,* 49 AD2d 320, 321). The causal nexus claimed by plaintiff between the accident and death is far too tenuous to permit a jury to speculate *(Fuller v Preis, supra,* at 434).

All concur, except Dillon, P. J., and Green, J., who dissent and vote to affirm, in the following memorandum.

Dillon, P. J., and Green, J. (dissenting). We respectfully disagree that this case is in a proper posture for a grant of summary judgment dismissing plaintiff's cause of action for wrongful

death. It is alleged that on November 21, 1982, decedent sustained injuries in an automobile collision caused by defendants' negligence, and that "[a]s a consequence of the injuries" he died on August 3, 1984. The death was the result of a suicidal act of the decedent.

It is established that "the act of suicide, as a matter of law, is not a superseding cause in negligence law precluding liability" *(Fuller v Preis,* 35 NY2d 425, 429). A negligent tort-feasor may be held liable for the suicide of a person who, as the result of the tort-feasor's negligence, suffers mental disturbance destroying the will to survive *(Fuller v Preis, supra; Koch v Fox,* 71 App Div 288; *cf., Gioia v State of New York,* 16 AD2d 354). Key to the analysis is that the suicide be an involuntary act coming as a direct consequence of the alleged tortious act.

It is also established that a defendant moving for summary judgment must come forward with admissible evidence, reciting the material facts and showing that, as a matter of law, the cause of action is without merit (CPLR 3212 [b]; *GTF Mktg. v Colonial Aluminum Sales,* 66 NY2d 965; *Zuckerman v City of New York,* 49 NY2d 557). Defendants have failed to meet that burden. While the moving papers and attached documents demonstrate that the suicide occurred nearly 21 months after the accident, that decedent had no medical history of organic brain damage, and that he had never been diagnosed or treated for mental illness or disturbance, defendants offered no affirmative medical proof that the suicidal act was not causally connected to their negligence. We, thus, conclude that Special Term properly denied defendants' motion for summary judgment. (Appeal from order of Supreme Court, Erie County, Wolfgang, J.—summary judgment.) Present—Dillon, P. J., Boomer, Green, Balio and Lawton, JJ.