■ JERRY A. D'ADDEZIO, Individually and as Administrator of the Estate of ANN M. D'ADDEZIO, Deceased, Appellant, v AGWAY PETROLEUM CORPORATION et al., Respondents.—Mikoll, J. P. Appeal from an order of the Supreme Court (Mugglin, J.), entered August 8, 1991 in Delaware County, which granted defendants' motion for summary judgment dismissing the complaint.

Ann M. D'Addezio (hereinafter decedent) was employed by defendant Agway Petroleum Corporation as a senior bookkeeping clerk at its Delaware County plant from about January 1, 1986 until her employment was terminated effective May 8, 1987 "because of a violation of company policy". She took her own life on May 12, 1987, resulting in this litigation alleging six causes of action against defendants seeking compensatory and punitive damages for causing or contributing to her suicide.

Decedent's duties included entry of the daily batches of transactions into the computer, writing daily cash and inventory reports, and making day bank deposits and the night drop-off deposits. Agway's customer services representative, Margaret Constable, performed these duties in decedent's absence. Defendant Dominic A. Milazzo was the manager of the plant.

A routine company audit in February 1987 disclosed the occurrence of frequent delays in making the daily bank deposits. Defendant Charles E. Buck, an audit manager for Agway, investigated. His review of bank records indicated that the deposits were not only late but were frequently made for one day's business using receipts from transactions for later days, a practice known as "account lapping". The time lapse may be used to cover theft which can occur again and again over a period of time. The investigation further indicated that this practice had been going on at the Delaware County plant from July 1986 to March 1987 and that the daily cash report and deposit slips involved were all made out in decedent's handwriting. Later, Buck also learned that a deposit slip from March 4, 1987, in decedent's handwriting, was missing.

On March 12, 1987 decedent left work on sick leave and did not return before her death. On April 13, 1987 Buck visited the plant and interviewed the employees, Milazzo, Constable and decedent, who came in to the plant at his request. Decedent left the interview abruptly after about 10 minutes, however. Later that day she telephoned to say that she would not discuss the matter further. When decedent subsequently telephoned Agway to inform Milazzo that she was returning to work, she was advised that she was suspended from work pending an investigation. A letter from Agway dated April 16, 1987 informed decedent she was placed on indefinite suspension effective April 15, 1987. Agway then decided to pursue the matter further and Buck, with the assistance of State Police Investigator Lynn Bradley, swore out two felony complaints alleging grand larceny and falsifying business records. Bradley arranged with decedent's lawyer for decedent to appear at the police station for processing on May 9, 1987. This date was changed to May 12, 1987 but decedent did not appear. It was later discovered that she had committed suicide. Thereafter, the instant action was commenced in Supreme Court. Defendants answered and, after issue was joined, moved for summary judgment dismissing the complaint.

After hearing defendants' motion, Supreme Court entered

an order upon a decision dismissing the complaint containing the six causes of action alleging (1) conspiracy, (2) malicious prosecution, (3) false arrest, (4) abuse of process, (5) intentional tort/prima facie tort, and (6) wrongful death. This appeal by plaintiff followed.

As plaintiff's brief addresses only the propriety of Supreme Court's finding of reasonable cause, the lack of reckless and/or intentional tortious conduct and the dismissal of the wrongful death cause of action, other issues contested on the motion are deemed abandoned and will not be addressed by this Court *(see, First Natl. Bank v Mountain Food Enters.,* 159 AD2d 900, 901).

Plaintiff's contention that Supreme Court erred in determining that reasonable cause existed to believe that a crime had been committed by decedent because questions of fact existed as to that issue is rejected. There is ample evidence in the record to support the finding of reasonable cause including the affidavit of Buck providing the evidentiary basis for the conclusion that decedent engaged in the criminal activity alleged. Plaintiff, however, failed to submit evidentiary proof in admissible form to demonstrate the existence of questions of fact *(see, Cheeseman v Inserra Supermarkets,* 174 AD2d 956, 958). Proof pointing to decedent's innocence does not negate the finding of reasonable cause to believe she committed the criminal act. The twice hearsay statement of a private investigator that a farmer told him that Milazzo told the farmer that Agway brought the criminal proceedings because decedent obtained a lawyer is not admissible *(see, supra).* The fourth cause of action was therefore properly dismissed *(see, Board of Educ. v Farmingdale Classroom Teachers Assn.,* 38 NY2d 397, 403).

Plaintiff's contention that there are questions of fact regarding the liability of Agway for decedent's death in that Agway's tortious conduct substantially contributed to decedent's suicide is without merit. While negligent tortfeasors may be "held liable for the suicide of persons who, as the result of their negligence, suffer mental disturbance destroying the will to survive" *(Fuller v Preis,* 35 NY2d 425, 428), the suicide must be "a foreseeable risk associated with the alleged wrongful acts of defendant[s]" *(Wells v St. Lukes Mem. Hosp. Ctr.,* 129 AD2d 952, 953, *lv denied* 70 NY2d 605). Agway had a lawful right to act as it did and the acts are "simply too attenuated to be the proximate cause of decedent's suicidal act" *(supra,* at 954; *see, Sullivan v Welsh,* 132 AD2d 945, 946, *appeal dismissed* 70 NY2d 796). Supreme Court's dismissal of

the wrongful death cause of action therefore was not improper.

Plaintiff's argument that defendants' intentional or reckless tortious conduct caused decedent's emotional distress is without substance as plaintiff has pointed to no evidence that defendants' "extreme and outrageous conduct, intentionally or recklessly cause[d] [decedent] severe emotional distress" *(Doin v North Am. Carbide,* 112 AD2d 499).

Yesawich Jr., Levine, Crew III and Harvey, JJ., concur. Ordered that the order is affirmed, with costs.