■ RICHARD KOREN, Respondent, v JOHN WEIHS, Appellant, et al., Defendants. [607 NYS2d 257] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered on or about August 9, 1993, which, upon renewal, denied defendant-appellant's motion for summary judgment dismissing the amended complaint against him with respect to the causes of action for medical malpractice and wrongful death based upon his alleged sexual relationship with plaintiff's decedent, unanimously affirmed, without costs.

Renewal was properly granted in light of the excuse pre-

sented by plaintiff's attorney for his failure to submit one of the affidavits on the original motion *(see, Matter of Beiny,* 132 AD2d 190, 210, *lv dismissed* 71 NY2d 994). Upon renewal, summary judgment was properly denied based upon the affidavits submitted, which included not only hearsay, which is admissible in opposition *(see, Friedman v Sills,* 112 App Div 343, 344) if it is not the only evidence submitted *(Wertheimer v New York Prop. Ins. Underwriting Assn.,* 85 AD2d 540, 541), but also statements based upon the personal observations of the affiants. The opinion of decedent's treating physician, who had examined her once weekly for over a year and reviewed her hospital and private physician therapy records, was not merely conclusory *(cf., Amatulli v Delhi Constr. Corp.,* 77 NY2d 525, 533, n 2), and was not obtained solely for testimonial purposes *(cf., Nissen v Rubin,* 121 AD2d 320, 322; *Easley v City of New York,* 189 AD2d 599, 600), and therefore sufficed as to both the departures from accepted standards of medical care and the cause of suicide. Because defendant had been decedent's psychiatrist and possessed detailed knowledge of her history *(see,* 190 AD2d 560), it cannot be said that the risk of decedent's suicide as a consequence of defendant's alleged sexual relationship with her was attenuated or unforeseeable *(cf., D'Addezio v Agway Petroleum Corp.,* 186 AD2d 929, 931; *Wells v St. Luke's Mem. Hosp. Ctr.,* 129 AD2d 952, 953-954, *lv denied* 70 NY2d 605). The presence of other stressful factors in decedent's life does not displace defendant's alleged acts as a proximate cause of the suicide, since it is necessary only that they "substantially contributed" to the death *(Fuller v Preis,* 35 NY2d 425, 433; *see also, Galioto v Lakeside Hosp.,* 123 AD2d 421). Nor, under the circumstances, was the causal nexus negated by the four-year lapse between the termination of the alleged relationship and decedent's suicide, since the irresistible impulse that must be proven to have caused the suicide need not be a "sudden impulse" *(Fuller v Preis, supra,* at 433).

We have considered defendant's other arguments and find them to be without merit. Concur—Sullivan, J. P., Carro, Wallach and Ross, JJ.