STANDARD FIRE INSURANCE COMPANY, as Subrogee of PETER O. ALLEN, Respondent, v NEW HORIZONS YACHT HARBOR, INC., Appellant. [880 NYS2d 433]—

Appeal from an order of the Supreme Court, Wayne County (John B. Nesbitt, A.J.), entered January 30, 2008. The order, insofar as appealed from, denied defendant's motion for summary judgment.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff, as subrogee of an individual who housed his boat at defendant's marina (hereafter, boat owner), commenced this action seeking to recover the amount paid by plaintiff to the boat owner, its insured, for property damage sustained by him after the roof of a storage building at the marina collapsed and damaged his boat. We conclude that Supreme Court properly denied defendant's motion for summary judgment dismissing the complaint.

In support of its motion, defendant relied on an exculpatory clause in the contract between the boat owner and defendant pursuant to which defendant "accept[ed] no liability for damage . . . or any other losses related to the boat . . . arising from any

cause including but not limited to . . . weather, etc." As a general rule, issues of proximate cause are for the trier of fact (*see generally Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315 [1980], *rearg denied* 52 NY2d 784 [1980]; *Prystajko v Western N.Y. Pub. Broadcasting Assn.*, 57 AD3d 1401, 1403 [2008]; *Wechter v Kelner*, 40 AD3d 747 [2007], *lv denied* 9 NY3d 806 [2007]). We conclude on the record before us that a trier of fact could find that the building collapsed based on defendant's failure to clear snow from the roof of that structure, rather than from the rapid accumulation of snow. We further conclude that defendant failed to establish that there was a storm in progress and thus that it is relieved of liability on that ground as a matter of law. Indeed, the record establishes that the snow had stopped approximately 20 hours before the accident. " 'Once there is a period of inactivity after cessation of the storm, it becomes a question of fact as to whether the delay in commencing the cleanup was reasonable' " (*Boarman v Siegel, Kelleher & Kahn*, 41 AD3d 1247, 1248 [2007]; *see Williams v Scruggs Community Health Care Ctr.*, 255 AD2d 982 [1998]).

Defendant also contended in support of its motion that it is not subject to liability because it lacked constructive notice of the dangerous condition created by the accumulation of snow on the roof of the building (*see Bellassai v Roberts Wesleyan Coll.*, 59 AD3d 1125 [2009]; *Wesolek v Jumping Cow Enters., Inc.*, 51 AD3d 1376, 1377 [2008]). "To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit [a defendant] to discover and remedy it" (*Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]). Here, the record establishes that, although defendant did not staff the marina during winter months, defendant has admitted that the snow accumulation contributed to the accident, and evidence offered by defendant in support of its motion established that between seven and eight feet of snow had fallen in the month preceding the accident and that there was an 18-inch accumulation of snow that blanketed the area the day before the accident. That evidence, coupled with evidence that an identical building on defendant's premises collapsed approximately 12 hours before the accident, raises a triable issue of fact whether defendant had constructive notice of the dangerous condition (*see generally id.* at 837-838).

Finally, in view of the various issues of fact identified herein, we decline plaintiff's request to search the record and to grant plaintiff summary judgment pursuant to CPLR 3212 (b). Present—Smith, J.P., Centra, Fahey, Carni and Gorski, JJ.