■ WILLIAM BUCKLAEW, Respondent-Appellant, and JOHN HIGGINS, Respondent, v SCOTT L. WALTERS et al., Appellants-Respondents. [905 NYS2d 813]—

Appeal and cross appeal from an order of the Supreme Court, Niagara County (Richard C. Kloch, Sr., A.J.), entered November 17, 2008 in a personal injury action. The order granted in part and denied in part the motion of defendants to dismiss the complaints.

It is hereby ordered that the order so appealed from is unanimously modified on the law by dismissing the complaints in their entirety against defendant Lori Miller and by denying that part of the motion for summary judgment dismissing the Labor Law § 200 cause of action asserted by plaintiff William Bucklaew against defendant Scott L. Walters and reinstating that cause of action against that defendant and as modified the order is affirmed without costs.

Memorandum: Plaintiffs each commenced Labor Law and common-law negligence actions that were thereafter consolidated, seeking damages for injuries they allegedly sustained when, only minutes apart, each fell from a ladder and "pick"

assembly while installing siding at a two-family residence jointly owned by defendants, where defendants reside. We note at the outset that the cross appeal taken by plaintiff John Higgins has been deemed abandoned and dismissed by his failure to perfect it in a timely fashion (*see* 22 NYCRR 1000.12 [b]; *Hayek v Hayek*, 63 AD3d 1598, 1599 [2009]). We therefore do not address his cross appeal. We further note that counsel for plaintiffs stated at oral argument they do not wish to pursue their claims against defendant Lori Miller. We thus dismiss the complaints in their entirety against her, and we modify the order accordingly.

Contrary to the initial contention of defendants, Supreme Court did not err in considering the papers submitted by William Bucklaew (plaintiff) in opposition to defendants' motion because they were not timely served. Courts have "discretion to overlook late service where the nonmoving party sustains no prejudice" (*Matter of Jordan v City of New York*, 38 AD3d 336, 338 [2007]). Here, plaintiff's opposing papers contained no evidentiary material and instead contained only legal arguments, and we conclude that Scott L. Walters (defendant) was not prejudiced by the late service.

Addressing first the merits of plaintiff's cross appeal, we conclude that the court properly granted those parts of the motion of defendants for summary judgment dismissing plaintiff's causes of action under Labor Law § 240 (1) and § 241 (6) against defendant. Contrary to plaintiff's contention, the exemption from liability afforded to owners of one- and two-family dwellings under those sections applies to defendant and the unrefuted evidence demonstrates that he did not direct or control the " 'method and manner in which the work [was] performed' " (*Gambee v Dunford*, 270 AD2d 809, 810 [2000]). Defendant did not instruct plaintiff how to perform the work, and defendant did not provide the necessary equipment, tools and materials to perform the work. The mere fact that defendant occasionally pointed out areas where the work was not completed properly does not subject him to liability under those sections of the Labor Law. Such interest in the quality of the work "does not constitute the kind of direction or control necessary to overcome the homeowner's exemption from liability" (*Chowdhury v Rodriguez*, 57 AD3d 121, 127 [2008]; *see Warsaw v Eastern Rock Prods.*, 210 AD2d 883 [1994], *lv dismissed* 85 NY2d 967 [1995]). Moreover, the fact that defendant performed some work unrelated to that performed by plaintiffs does not deprive him of the benefits of the homeowner's exemption (*see Lang v Havlicek*, 272 AD2d 298 [2000]; *see also Luthringer v Luthringer*, 59 AD3d 1028 [2009]).

We further conclude with respect to plaintiff's cross appeal that the court erred in granting that part of defendants' motion for summary judgment dismissing the Labor Law § 200 cause of action asserted by plaintiff against defendant. We therefore further modify the order accordingly. With respect to the appeal taken by defendants, however, we conclude that the court properly denied that part of defendants' motion for summary judgment dismissing the common-law negligence causes of action against defendant, asserted by both plaintiffs. By their own submissions in support of their motion both with respect to Labor Law § 200 and common-law negligence, defendants raised an issue of fact whether defendant created a dangerous condition on the property by digging a trench in the area where one of the ladders on which plaintiffs were working had to be placed. Based on the deposition testimony of plaintiff, there is an issue of fact whether the accident occurred as a result of that ladder kicking out, and there is a further issue of fact whether the act of defendant in digging the hole was a proximate cause of the ladder kicking out. Furthermore, there is an issue of fact whether any negligence by plaintiff contributed to the accident, or was a superseding cause thereof. "As a general rule, issues of proximate cause are for the trier of fact" (*Standard Fire Ins. Co. v New Horizons Yacht Harbor, Inc.*, 63 AD3d 1542, 1543 [2009]; *see generally Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315 [1980], *rearg denied* 52 NY2d 784, 829 [1980]; *Gerfin v North Colonie Cent. School Dist.*, 41 AD3d 1085, 1086-1087 [2007]). Present—Scudder, P.J., Peradotto, Carni, Lindley and Sconiers, JJ.