[978 NE2d 1251, 954 NYS2d 782]

JAYVAUN STEPHENSON, an Infant, by His Mother and Natural Guardian, NADRA SINCLAIR, et al., Appellants, v CITY OF NEW YORK et al., Respondents.

Argued September 12, 2012; decided October 18, 2012

### APPEARANCES OF COUNSEL

*Law Offices of Jonathan M. Cooper*, Cedarhurst (*Jonathan M. Cooper* of counsel), for appellants.

*Michael A. Cardozo, Corporation Counsel*, New York City (*Susan B. Eisner* and *Francis F. Caputo* of counsel), for respondents.

### OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be affirmed, with costs.

Plaintiff Jayvaun Stephenson was injured in an assault by another student, Lorenzo McDonald, on the morning of October 24, 2003. The incident occurred two blocks from the boys' school prior to school hours. Jayvaun, a 13-year-old eighth-grade student, had been involved in a prior altercation with Lorenzo just two days before, on October 22, between classes at school.

That fight ended when Jayvaun's friends separated the combatants.

Both boys received in-school suspensions for the October 22 incident, Jayvaun for one day, and Lorenzo for one to two weeks. The assistant principal dismissed Jayvaun from school early, making sure the boys' dismissal times were not the same so that no further altercations would occur after they left the school that day. The boys did not see each other the remainder of the day or the following day during school hours. However, according to Jayvaun, he saw Lorenzo after school hours on October 23, on school grounds, when Lorenzo threatened him.

Plaintiffs brought this action against defendants for negligence alleging, among other things, that school officials failed to ensure Jayvaun's safety from the October 24 assault. During discovery, defendants were sanctioned for their failure to produce records demanded by plaintiffs resulting in Supreme Court holding that defendants were deemed to have notice of the October 24 incident.

Defendants moved for summary judgment, arguing, among other things, that since the October 24 incident occurred before regular school hours and off school property, defendants owed no duty to plaintiffs and, therefore, could not be held liable for the incident. Supreme Court denied the motion; the Appellate Division, with two Justices dissenting, reversed by granting defendants' motion to dismiss the complaint (85 AD3d 523 [1st Dept 2011]).

It is well settled that a school owes a common-law duty to adequately supervise its students. This duty "stems from the fact of its physical custody over them" (*Pratt v Robinson*, 39 NY2d 554, 560 [1976]). We have explained that the nature of the duty is that the school must "exercise such care of them as a parent of ordinary prudence would observe in comparable circumstances" (*Mirand v City of New York*, 84 NY2d 44, 49 [1994], quoting *Hoose v Drumm*, 281 NY 54, 57-58 [1939]). "The duty owed derives from the simple fact that a school, in assuming physical custody and control over its students, effectively takes the place of parents and guardians" (*Mirand*, 84 NY2d at 49). Schools are not, however, insurers of students' safety and "cannot reasonably be expected to continuously supervise and control all movements and activities of students; therefore, schools are not to be held liable 'for every thoughtless or careless act by which one pupil may injure another' " (*id.*, quoting *Lawes v Board of Educ. of City of N.Y.*, 16 NY2d 302, 306 [1965]).

Generally, the duty of care does not extend beyond school premises. As this Court has explained: "When [the school's] custody ceases because the child has passed out of the orbit of its authority in such a way that the parent is perfectly free to reassume control over the child's protection, the school's custodial duty also ceases" (*Pratt*, 39 NY2d at 560).

Nevertheless, we have, in certain situations, extended the duty to off-school premises injuries (*see Bell v Board of Educ. of City of N.Y.*, 90 NY2d 944 [1997]; *Ernest v Red Cr. Cent. School Dist.*, 93 NY2d 664 [1999]). However, those cases found liability on the part of the school for injury that occurred either during school hours or shortly thereafter upon the student's departure from the school. None of these circumstances are present.

Here, the plaintiff was adequately supervised at school, and the school addressed the altercation that occurred on school property between plaintiff and Lorenzo McDonald by punishing the students. The second altercation which resulted in plaintiff's injuries was out of the orbit of the school's authority, as the incident occurred away from the school and before school hours where there was no teacher supervision.

Further, contrary to plaintiffs' urging, the school cannot be held liable for a failure to comply with a separate duty to notify Jayvaun's mother of the impending danger. There is no statutory duty to inform parents about generalized threats made at school, and the circumstances here do not give rise to a common-law duty to notify parents about threatened harm posed by a third party. This case did not involve threatened conduct that would occur while the child was in custody and control of school officials (*see Matter of Kimberly S.M. v Bradford Cent. School*, 226 AD2d 85, 88 [1996]).

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur.

Order affirmed, with costs, in a memorandum.