Gibbs v Léman Manhattan Preparatory Sch. (2022 NY Slip Op 00375)





Gibbs v Lman Manhattan Preparatory Sch.


2022 NY Slip Op 00375


Decided on January 25, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 25, 2022

Before: Renwick, J.P., Mazzarelli, Moulton, Scarpulla, Higgitt, JJ. 


Index No. 150540/19 Appeal No. 14717 Case No. 2020-03228 

[*1]Debbi Gibbs, as Law Guardian on Behalf of Minor Child, B.E., etc., et al., Plaintiffs-Appellants,
v
LÉman Manhattan Preparatory School, Defendant-Respondent.


Stewart Lee Karlin Law Group, P.C., New York (Daniel E. Dugan of counsel), for appellants.
Katten Muchin Rosenman LLP, New York (Craig A. Convissar of counsel), for respondent.



Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered May 28, 2020, which granted defendant's motion to dismiss the complaint, unanimously affirmed, without costs.
Plaintiffs failed to state a claim for negligent supervision of students, as the complaint is devoid of facts showing that defendant LÉman Manhattan Preparatory School (LÉman) had knowledge or notice of the sort of conduct that allegedly injured plaintiff B.E., who was a student at LÉman (Mirand v City of New York, 84 NY2d 44, 49 [1994]). The suggestion that rumors about B.E. would not have spread if LÉman had "cleared" his name, allowed him back to school, or educated its students on cyber-bullying does not rise above mere speculation (see Stephenson v City of New York, 85 AD3d 523 [1st Dept 2011], affd 19 NY3d 1031 [2012]). Plaintiffs also failed to state a claim for negligent supervision of employees, as the complaint does not adequately allege that LÉman knew or should have known that any of its employees had the propensity to commit the alleged tortious act (see Sheila C. v Povich, 11 AD3d 120, 129—130 [1st Dept 2004]).
Furthermore, with respect to their breach of contract claim, plaintiffs failed to adequately allege that LÉman agreed, through a specific provision in its handbook, to reinstate students under the circumstances present here or "clear" a student's name to preserve his or her reputation (see Gordon & Breach Science Publs. v New York Sys. Exch., 267 AD2d 52 [1st Dept 1999]). To the extent plaintiffs claim that LÉman failed to create an environment free from bullying and harassment in violation of its handbook, such allegations are too vague and conclusory to support a claim for breach of contract (see Gordon v Dino De Laurentiis Corp., 141 AD2d 435, 436 [1st Dept 1988]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 25, 2022