Hauburger v McMane (2022 NY Slip Op 06918)

Hauburger v McMane

2022 NY Slip Op 06918

Decided on December 7, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 7, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
JOSEPH A. ZAYAS, JJ.

2020-04919
 (Index No. 32796/16)

[*1]Noreen Hauburger, etc., appellant, 
v
Sarah McMane, et al., respondents.

Meagher & Meagher, P.C., White Plains, NY (Christopher B. Meagher of counsel), for appellant.
O'Connor, McGuinness, Conte, Doyle, Oleson, Watson & Loftus, LLP, White Plains, NY (Elizabeth Holmes of counsel), for respondent Sarah McMane.
Henderson & Brennan, White Plains, NY (Brian C. Henderson of counsel), for respondents Jennifer L. Amos, Robert Pritchard, and South Orangetown Central School District.

DECISION & ORDER
In an action, inter alia, to recover damages for negligence and negligent hiring and retention, the plaintiff appeals from an order of the Supreme Court, Rockland County (Sherri L. Eisenpress, J.), dated June 5, 2020. The order granted the motion of the defendant Sarah McMane, and the separate motion of the defendants Jennifer L. Amos, Robert Pritchard, and South Orangetown Central School District for summary judgment dismissing the complaint insofar as asserted against each of them, and denied the plaintiff's cross motion for summary judgment on the issue of liability.
ORDERED that the order is affirmed, with one bill of costs payable to the defendants appearing separately and filing separate briefs.
In September 2015, the decedent, a student at a school controlled by the defendant South Orangetown Central School District (hereinafter the School District), committed suicide while he was at home. On the preceding day, the decedent had been subjected to ridicule on the Instagram social media platform by another student, which led to the decedent posting on Instagram a threat to commit suicide and take others with him. That evening, a student who had viewed the Instagram exchange sent a text message to the defendant Sarah McMane, a teacher at the decedent's school, alerting McMane to the exchange, but then informed her in a subsequent message that the matter was apparently resolved. The next morning, McMane met with the student who sent her the message and decided to report the incident to the school psychologist later that day, but the suicide occurred before McMane did so.
The decedent's mother, in her individual capacity and as administrator of the decedent's estate, commenced this action against McMane, the School District, the School District's superintendent, and the principal of the decedent's school. After issue was joined, McMane moved, and the School District, the superintendent, and the principal separately moved, for summary [*2]judgment dismissing the complaint insofar as asserted against each of them. The plaintiff cross-moved for summary judgment on the issue of liability. In an order dated June 5, 2020, the Supreme Court granted the defendants' motions and denied the plaintiff's cross motion, concluding that the suicide occurred off school grounds, beyond the scope of the defendants' duty to supervise the decedent. The court further noted that Education Law § 12, which prohibits harassment on school property or at a school function, did not create a private right of action (see Eskenazi-McGibney v Connetquot Cent. Sch. Dist., 169 AD3d 8). The plaintiff appeals.
The Supreme Court correctly concluded that the defendants owed no duty to the decedent or the plaintiff to take steps to prevent the decedent's suicide. The plaintiff's arguments regarding the existence of a special relationship between the defendants and the decedent, giving rise to a special duty on the defendants' part, are inapposite. In the context of the case law relied upon by the plaintiff, the existence of a special duty serves to overcome governmental function immunity by establishing an exception to the rule that a municipality, in performing a governmental function, owes a duty only to the public at large, and not to any particular individual (see McLean v City of New York, 12 NY3d 194; Cuffy v City of New York, 69 NY2d 255; Garrett v Holiday Inns, 58 NY2d 253). Here, the plaintiff does not identify any governmental function being performed by the defendants at the time of the decedent's suicide, such as providing security for a school building or playground (see Bonner v City of New York, 73 NY2d 930; Morgan-Word v New York City Dept. of Educ., 96 AD3d 1025; Chalen v Glen Cove School Dist., 29 AD3d 508), and thus there is no occasion to consider whether there was any special relationship between the defendants and the decedent or the plaintiff that would create a special duty.
The duty that is relevant in this case is the duty of a school to provide its students with adequate supervision (see Mirand v City of New York, 84 NY2d 44)—which itself has been described as a special duty (see Pratt v Robinson, 39 NY2d 554, 560). This duty derives from the fact that the school, in assuming physical custody and control of the students, takes the place of the parents or guardians, and therefore acts in loco parentis (see Mirand v City of New York, 84 NY2d at 49). In keeping with this underlying principle, a school's duty is "coextensive with and concomitant to its physical custody of and control over the child. When that custody ceases because the child has passed out of the orbit of its authority in such a way that the parent is perfectly free to reassume control over the child's protection, the school's custodial duty also ceases" (Pratt v Robinson, 39 NY2d at 560; see Chalen v Glen Cove School Dist., 29 AD3d at 509). As a result, "[g]enerally, the duty of care does not extend beyond school premises" (Stephenson v City of New York, 19 NY3d 1031, 1034). Exceptions to this rule are rare, and tend to involve incidents that are connected to or flow from activities that occur on school premises (see Anglero v New York City Bd. of Educ., 2 NY3d 784 [fight that began on school grounds and resumed elsewhere]; Ernest v Red Cr. Cent. School Dist., 93 NY2d 664 [child released from school bus in unsafe place]; Bell v Board of Educ. of City of N.Y., 90 NY2d 944 [child raped after wandering from school-sponsored event]).
Here, the defendants demonstrated that neither the decedent's suicide nor any other relevant conduct occurred on school premises or anywhere within the orbit of the School District's authority. Thus, the defendants established that their duty to adequately supervise the decedent did not encompass taking steps to prevent his suicide. In opposition, the plaintiff failed to raise a triable issue of fact.
The plaintiff's remaining contentions are without merit.
Accordingly, the Supreme Court properly granted the defendants' motions for summary judgment dismissing the complaint insofar as asserted against each of them, and properly denied the plaintiff's cross motion for summary judgment on the issue of liability.
BRATHWAITE NELSON, J.P., RIVERA, CHAMBERS and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court