Spring v Allegany-Limestone Cent. Sch. Dist. (2023 NY Slip Op 05831)

Spring v Allegany-Limestone Cent. Sch. Dist.

2023 NY Slip Op 05831

Decided on November 17, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 17, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CURRAN, BANNISTER, OGDEN, AND NOWAK, JJ.

717 CA 22-01318

[*1]KERI SPRING, AS THE DULY APPOINTED ADMINISTRATOR OF THE ESTATE OF GREGORY SPRING, DECEASED, PLAINTIFF-RESPONDENT,
v
ALLEGANY-LIMESTONE CENTRAL SCHOOL DISTRICT, BOARD OF EDUCATION OF ALLEGANY-LIMESTONE CENTRAL SCHOOL DISTRICT AND KEVIN STRAUB, PRINCIPAL, DEFENDANTS-APPELLANTS. 

SUGARMAN LAW FIRM, LLP, SYRACUSE (JENNA W. KLUCSIK OF COUNSEL), FOR DEFENDANTS-APPELLANTS.
BOSMAN LAW, L.L.C., BLOSSVALE (A.J. BOSMAN OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 

 Appeal from an order of the Supreme Court, Cattaraugus County (Terrence M. Parker, A.J.), entered August 16, 2022. The order, among other things, denied the motion of defendants for summary judgment dismissing the amended complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this wrongful death action arising from the suicide of plaintiff's son (decedent) a few days after the conclusion of his sophomore year of high school, plaintiff alleges, in relevant part, that defendants were negligent in failing to adequately address and safeguard against harassment and bullying directed at decedent at school and that the negligent acts and omissions of defendants were a proximate cause of decedent's suicide. Defendants appeal from an order that, inter alia, denied their motion for summary judgment dismissing the amended complaint. We affirm.
Preliminarily, to the extent that defendants contend that they are entitled to summary judgment on the ground that plaintiff is unable to prove with admissible evidence all the elements of the cause of action in the amended complaint, we reject that contention. "A moving party must affirmatively establish the merits of its cause of action or defense and does not meet its burden by noting gaps in its opponent's proof" (Orcutt v American Linen Supply Co., 212 AD2d 979, 980 [4th Dept 1995]; see Freeland v Erie County, 204 AD3d 1465, 1467 [4th Dept 2022]; Martin v United Parcel Serv. of Am., Inc., 104 AD3d 1173, 1174 [4th Dept 2013]).
Defendants next contend that they owed no duty to decedent because his suicide occurred off school premises and during summer vacation, i.e., it occurred when decedent was not within the orbit of defendants' authority. We reject that contention as well.
In a wrongful death action, tortfeasors may "be held liable for the suicide of [a] person[ ] who, as the result of [the tortfeasors'] negligence, suffer[s] mental disturbance destroying the will to survive" (Fuller v Preis, 35 NY2d 425, 428 [1974]; see Watkins v Labiak, 282 AD2d 601, 602 [2d Dept 2001], lv dismissed 96 NY2d 897 [2001]; D'Addezio v Agway Petroleum Corp., 186 AD2d 929, 931 [3d Dept 1992]). As relevant to the negligence alleged in this case, "[s]chools are under a duty to adequately supervise the students in their charge and they will be held liable for foreseeable injuries proximately related to the absence of adequate supervision" (Mirand v City of New York, 84 NY2d 44, 49 [1994]; see Brandy B. v Eden Cent. School Dist., 15 NY3d 297, 302 [2010]; Hauburger v McMane, 211 AD3d 715, 716 [2d Dept 2022]). "[T]he nature of [*2]the duty is that the school must exercise such care of [its students] as a parent of ordinary prudence would observe in comparable circumstances" (Stephenson v City of New York, 19 NY3d 1031, 1033 [2012] [internal quotation marks omitted]; see Mirand, 84 NY2d at 49). "The duty owed derives from the simple fact that a school, in assuming physical custody and control over its students, effectively takes the place of parents and guardians" (Mirand, 84 NY2d at 49; see Pratt v Robinson, 39 NY2d 554, 560 [1976]). "The school's duty is thus coextensive with and concomitant to its physical custody of and control over the child" (Pratt, 39 NY2d at 560). "When that custody ceases because the child has passed out of the orbit of its authority in such a way that the parent is perfectly free to reassume control over the child's protection, the school's custodial duty also ceases" (id.; see Stephenson, 19 NY3d at 1034). Thus, "[g]enerally, the duty of care does not extend beyond school premises" (Stephenson, 19 NY3d at 1034).
Here, contrary to defendants' contention, "[t]he duty that is relevant in this case is the duty of a school to provide its students with adequate supervision" while they are in the school's physical custody and control (Hauburger, 211 AD3d at 716). Plaintiff's cause of action is premised on the allegation that the "relevant conduct occurred on school premises or [otherwise] within the orbit of [defendants'] authority" (id. at 717; cf. Boyle v Brewster Cent. Sch. Dist., 209 AD3d 619, 621 [2d Dept 2022]), i.e., that defendants' negligence in failing to adequately address and safeguard against harassment and bullying directed at decedent at school caused decedent to "suffer mental disturbance destroying [his] will to survive" (Fuller, 35 NY2d at 428).
Defendants further contend that they established as a matter of law that they did not breach any duty owed to decedent. We reject that contention. "In determining whether the duty to provide adequate supervision has been breached in the context of injuries caused by the acts of fellow students, it must be established that school authorities had sufficiently specific knowledge or notice of the dangerous conduct which caused injury; that is, that the third-party acts could reasonably have been anticipated" (Mirand, 84 NY2d at 49).
Here, viewing the evidence in the light most favorable to plaintiff as the nonmovant on summary judgment and affording her the benefit of every available inference (see Matter of Eighth Jud. Dist. Asbestos Litig., 33 NY3d 488, 496 [2019]; De Lourdes Torres v Jones, 26 NY3d 742, 763 [2016]), we conclude that defendants' own submissions raise triable issues of fact whether they had sufficiently specific knowledge or notice of the alleged bullying and whether they adequately supervised the students (see Motta v Eldred Cent. Sch. Dist., 141 AD3d 819, 821-822 [3d Dept 2016]). Defendants submitted the testimony of plaintiff, who recounted that decedent had a lengthy history of enduring bullying by other students, which included being called various derogatory names, threatened with physical harm, and mocked for the tics he exhibited as a result of Tourette's syndrome. Plaintiff also testified about instances when decedent would purportedly respond physically to the bullying and would then receive discipline and other sanctions. Plaintiff further testified that both she and decedent repeatedly complained about the bullying to several school employees, including defendant Kevin Straub, Principal, and that such complaints were not taken seriously or adequately addressed. Importantly, Straub acknowledged during his deposition that plaintiff had reported to him on more than one occasion that decedent was being bullied and had provided him with reading materials about bullying. Consequently, we conclude that defendants failed to eliminate triable issues of fact whether they breached their duty to provide adequate supervision (see id.).
We further conclude on this record that, contrary to defendants' contention, they failed to establish that decedent's suicide was not a reasonably foreseeable consequence of their alleged negligence (see Freeland, 204 AD3d at 1467; Ferrer v Riverbay Corp., 214 AD2d 312, 312 [1st Dept 1995]; see generally Derdiarian v Felix Contr. Corp., 51 NY2d 308, 316-317 [1980], rearg denied 52 NY2d 784 [1980]).
Defendants also contend that summary judgment is warranted because they established as a matter of law that the causal nexus is too tenuous to permit a factfinder to infer that any of their acts or omissions was a proximate cause of decedent's suicide. We reject that contention.
"Even if a breach of the duty of supervision is established, the inquiry is not ended; the question arises whether such negligence was [a] proximate cause of the injuries sustained" (Mirand, 84 NY2d at 50; see Dean v Falconer Cent. School Dist., 259 AD2d 1034, 1035 [4th Dept 1999]). "The test to be applied is whether under all the circumstances the chain of events [*3]that followed the negligent act or omission was a normal or foreseeable consequence of the situation created by the school's negligence" (Mirand, 84 NY2d at 50). Where, as here, the alleged injury sustained is mental disturbance destroying the will to survive that results in suicide, the question is "whether the defendants' negligence substantially contributed to [the] death" (Fuller, 35 NY2d at 433). In resolving that question, there may be cases "where the causal nexus becomes too tenuous to permit a jury to 'speculate' as to the proximate cause of the suicide" (id. at 434). Nevertheless, "[b]ecause questions concerning what is foreseeable and what is normal may be the subject of varying inferences, as is the question of negligence itself, these issues generally are for the fact finder to resolve" (Derdiarian, 51 NY2d at 315; see Mirand, 84 NY2d at 51; Motta, 141 AD3d at 821).
Here, we note that "[w]hile it is true that a material issue of fact may not rest upon speculation . . . , '[t]he absence of direct evidence does not require a ruling in defendant[s'] favor[ inasmuch as] proximate cause may be inferred from the facts and circumstances surrounding the event' " (DiBartolomeo v St. Peter's Hosp. of City of Albany, 73 AD3d 1326, 1327 [3d Dept 2010]; see Kerrick v Finger Lakes Racing Assn., 181 AD2d 984, 985 [4th Dept 1992]). Defendants' own submissions included plaintiff's testimony that decedent expressed to her that he felt humiliated and ostracized "every time he received punishment for sticking up for himself after a bully bullied him," and that decedent, on more than one occasion, would come home from school crying and physically upset. Plaintiff also testified that decedent, in the months preceding his suicide, exhibited anger every day due, at least in part, to bullying by two particular students. According to plaintiff, she had a conversation with decedent the day before his suicide regarding the stress he was under, part of which included a complaint that he did not feel safe at school. Given those personal interactions and exchanges with decedent regarding the apparent effect that the alleged bullying had on him, plaintiff opined that, while other factors may have contributed, the bullying was the root cause of decedent's suicide a few days after the conclusion of an academic year that allegedly involved persistent and unaddressed mistreatment at school (cf. Sullivan v Welsh, 132 AD2d 945, 945-946 [4th Dept 1987], appeal dismissed 70 NY2d 796 [1987]). Viewing that evidence in the light most favorable to plaintiff as the nonmovant, we conclude that defendants' own submissions contain facts and circumstances from which a factfinder could reasonably infer that defendants' negligence "substantially contributed to [the] death" (Fuller, 35 NY2d at 433). Therefore, it cannot be said on this record that defendants established as a matter of law that their alleged negligence was "simply too attenuated to be [a] proximate cause of decedent's suicidal act" (Wells v St. Luke's Mem. Hosp. Ctr., 129 AD2d 952, 954 [3d Dept 1987], lv denied 70 NY2d 605 [1987]; cf. D'Addezio, 186 AD2d at 931; Sullivan, 132 AD2d at 945-946).
Moreover, contrary to defendants' suggestion, the fact that text messages sent from decedent to his former girlfriend on the day of the suicide indicated that decedent's suicide may have been prompted by despondence over the former girlfriend's lack of response and apparent unwillingness to get back together does not eliminate triable issues of fact regarding proximate cause. " '[T]here may be more than one proximate cause of an injury' " (Mazella v Beals, 27 NY3d 694, 706 [2016]). Consequently, here, "[t]he presence of other stressful factors in decedent's life does not displace defendant[s'] alleged acts as a proximate cause of the suicide, since it is necessary only that [such acts] 'substantially contributed' to the death" (Koren v Weihs, 201 AD2d 268, 269 [1st Dept 1994]).
Based on the foregoing, we conclude that defendants failed to meet their initial burden of establishing entitlement to summary judgment, and thus the burden never shifted to plaintiff to raise a triable issue of fact in opposition (see Freeland, 204 AD3d at 1467; see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).
Entered: November 17, 2023
Ann Dillon Flynn
Clerk of the Court