Gaskill v Sharpe (2024 NY Slip Op 03975)

Gaskill v Sharpe

2024 NY Slip Op 03975

Decided on July 26, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 26, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, DELCONTE, KEANE, AND HANNAH, JJ.

455 CA 23-01752

[*1]ADAM GASKILL, PLAINTIFF-RESPONDENT,
v
CHRISTOPHER M. SHARPE, DEFENDANT-RESPONDENT, CAUSLEY TRUCKING, INC., AND JEFFREY KEITH MADDEN, DEFENDANTS-APPELLANTS. 

LEWIS BRISBOIS BISGAARD & SMITH LLP, NEW YORK CITY (JAMES M. STRAUSS OF COUNSEL), FOR DEFENDANTS-APPELLANTS.
CANTOR, WOLFF, NICASTRO & HALL LLC, BUFFALO (RICHARD A. HALL, IV, OF COUNSEL), FOR PLAINTIFF-RESPONDENT.
HURWITZ FINE PC, BUFFALO (ROBERT J. CAGGIANO OF COUNSEL), FOR DEFENDANT-RESPONDENT.

 Appeal from an order of the Supreme Court, Niagara County (Frank Caruso, J.), entered October 16, 2023. The order, insofar as appealed from, denied the motion of defendants Causley Trucking, Inc., and Jeffrey Keith Madden for summary judgment and sanctions. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained in a motor vehicle accident while he was a front passenger in a car owned and operated by defendant Christopher M. Sharpe. The complaint alleges that the accident occurred when Sharpe backed the car out of his driveway and collided with a truck owned by defendant Causley Trucking, Inc. (Causley) that had been parked by defendant Jeffrey Keith Madden partially in the roadway across the street from Sharpe's residence. 
Following joinder of issue but prior to depositions, Causley and Madden (collectively, defendants) moved for, inter alia, summary judgment dismissing the complaint against them, contending that the accident was caused solely by the negligence of Sharpe, who failed to see what was there to be seen when he backed out of his driveway. In support of the motion, defendants submitted, among other things, an affidavit from Madden, who stated that he was in the cab of the truck when the accident occurred and that the truck was parked entirely in the parking lot or driveway located on Causley's property, which was across the street from where Sharpe had backed out of the driveway. Madden maintained that the truck was not in the roadway and had its hazard lights activated. In opposition, plaintiff submitted an affidavit in which he stated that, immediately after the accident, he observed the truck partially in the roadway with its driver's-side tires "over the culvert" and without its hazard lights activated. Supreme Court denied the motion without prejudice to renew following discovery.
On appeal, defendants contend that the court should have granted their motion insofar as it sought summary judgment dismissing the complaint against them because they met their initial burden of establishing that, even if the truck was parked in the roadway, Sharpe's negligence was the sole proximate cause of plaintiff's injuries, and plaintiff failed to raise an issue of fact in opposition. We reject defendants' contention. Although defendants established that Sharpe was negligent, a triable issue of fact exists whether they were also negligent if, as plaintiff alleges, the truck was illegally parked in the roadway at the time of the accident. Thus, questions of fact [*2]exist whether Sharpe's negligence was the sole proximate cause of the accident. It is well settled that there may be more than one proximate cause of an accident or injury (see Mazella v Beals, 27 NY3d 694, 706 [2016]; Spring v Allegany-Limestone Cent. Sch. Dist., 221 AD3d 1474, 1479 [4th Dept 2023]), and "[a]s a general rule, issues of proximate cause are for the trier of fact" (Standard Fire Ins. Co. v New Horizons Yacht Harbor, Inc., 63 AD3d 1542, 1543 [4th Dept 2009]; see Bucklaew v Walters, 75 AD3d 1140, 1142 [4th Dept 2010]). This case does not present an exception to the general rule.
Defendants' reliance on Gill v Braasch (100 AD3d 1415, 1415-1416 [4th Dept 2012]) is misplaced inasmuch as, unlike here, it was undisputed that the defendant knew prior to the accident that the plaintiff's vehicle was parked on the shoulder of the roadway. We have reviewed the remaining cases cited by defendants and find them to be factually distinguishable as well.
Finally, we have considered defendants' remaining contention and conclude that it lacks merit.
Entered: July 26, 2024
Ann Dillon Flynn
Clerk of the Court